CHARLES HOLDEN

*v.*

THE CITY OF ALTON *et al.*

*Opinion filed April 17, 1899.*

1. ORDINANCES—*ordinance restricting award of contracts for city printing to union shops is illegal.* An ordinance requiring all contracts for city printing to be awarded to union shops only, or to such as are able to show the union label, is illegal, as tending to create monopoly and impose an additional burden on tax-payers, who are entitled, under paragraph 94 of section 1 of article 5 of the City and

Village act, (Rev. Stat. 1874, p. 223,) to have such contracts let to the lowest bidder.

2. INJUNCTION—*fact that tax-payer bid on contract does not affect his right to injunction.* A tax-payer may enjoin the city from expending public funds to carry out a contract let in violation of law, and the fact that he was a bidder on the contract does not affect his right.

3. SAME—*when equity will enjoin city from carrying out printing contract.* Equity will enjoin a city from carrying out a contract for city printing at the suit of a tax-payer who was the lowest bidder on the contract, and whose bid was rejected solely because he did not employ members of a certain labor organization and could not show the union label, as required by an ordinance making such qualifications essential.

4. SAME—*acts of defendant after equity acquires jurisdiction are subject to power of court.* Where equity has acquired jurisdiction of a bill to enjoin the performance of an illegal contract, but no injunction *pendente lite* is issued, the defendant is not in contempt for carrying out the contract, but he takes the risk of being compelled to restore the conditions existing when the court acquired jurisdiction.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM HARTZELL, Judge, presiding.

LEVI DAVIS, for appellant:

City councils in cities have power "to provide by ordinance that all the paper, printing, stationery, blanks, fuel, and all the supplies needed for the use of the city, shall be furnished by contract let to the lowest bidder." Rev. Stat. chap. 24, art. 5, par. 94.

An express grant of the power to pass ordinances upon a particular subject, limited by the terms of the grant in respect to its extent or objects and purposes or in reference to the mode in which the power is to be exercised, must be held, unless a contrary legislative intent is manifest, to exclude all authority to legislate upon that subject beyond the prescribed limit. *Huesing* v. *Rock Island,* 128 Ill. 465; *Cairo* v. *Bross,* 101 id. 475.

A contract required by charter to be let to the lowest bidder is illegal if not so let. Dillon on Mun. Corp. sec. 466; *People* v. *Secretary of State,* 58 Ill. 90; *Littler* v. *Jayne,* 124 id. 123; *Dement* v. *Rokker,* 126 id. 174.

Public contracts which tend to prevent competition or create monopoly are void. *Fishburn* v. *Chicago*, 171 Ill. 338; *Chicago* v. *Rumpff*, 45 id. 90; *People* v. *Gas Trust Co.* 130 id. 268; *Foss* v. *Cummings*, 149 id. 353.

Ordinances must be general in their character, and operate equally upon all persons within the municipality of the class to which they relate. They cannot unjustly and arbitrarily discriminate between persons of the same class. *Rich* v. *Naperville*, 42 Ill. 222; *Chicago* v. *Rumpff*, 45 id. 90; *Tugman* v. *Chicago*, 78 id. 405; *Zanone* v. *Mound City*, 103 id. 552; *Cairo* v. *Feuchter*, 159 id. 155; *Carrollton* v. *Bazzette*, id. 284; *Hawes* v. *Chicago*, 158 id. 653; *People* v. *Cregier*, 138 id. 401; *Bloomington* v. *Latham*, 142 id. 462; *Lake View* v. *Tate*, 130 id. 247; *Concordia Cemetery Ass.* v. *Railroad Co.* 121 id. 199; *Huesing* v. *Rock Island*, 128 id. 465.

A bill will lie at the suit of any tax-payer to enjoin the action by public agents or officers which will lead to the misapplication of public money, or the payment of such money on illegal contracts or without authority of law. *Littler* v. *Jayne*, 124 Ill. 123.

An ordinance being void because of its arbitrary discrimination against non-union printers, the act of the municipal authorities in making the same arbitrary discrimination without such an ordinance is equally void. *Zanone* v. *Mound City*, 103 Ill. 552.

HENRY S. BAKER, for appellees:

Courts of equity will not sit in review of the proceedings of municipal tribunals, and where matters are left to the discretion of such bodies the exercise of that discretion in good faith is conclusive, and will not, in the absence of fraud, be disturbed. 15 Am. & Eng. Ency. of Law, 1097; 13 id. 1191; High on Injunctions, (3d ed.) sec. 1240; *Dibble* v. *Town of New Hampshire*, 56 Conn. 199; *Findley* v. *Pittsburg*, 82 Pa. St. 351; *Fitzgerald* v. *Harms*, 92 Ill. 372; *Stevens* v. *St. Mary's Training School*, 144 id. 336; *Kelley* v. *Chicago*, 62 id. 279; *Johnson* v. *Sanitary District*, 163 id. 285.

In charging fraud it is necessary that the facts and circumstances upon which it is based be set forth in the bill. It is insufficient to merely state inferences without stating the facts. Daniel's P. & P. (5th ed.) 324.

An ordinance is in force and effect only from the date of approval by the mayor or after the expiration of five days from passage. *Skinner* v. *Chicago*, 42 Ill. 52.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Charles Holden filed his bill in this case in the circuit court of Madison county, against the city of Alton and the Sentinel-Democrat Printing Company, praying for an injunction restraining said defendants from carrying out a contract for the printing of bonds by said company for said city, and restraining the city from paying any money to said company, or any person or corporation other than complainant, on account of printing the said bonds under such contract. The defendants demurred to the bill for want of equity. The demurrer was sustained and the bill dismissed, and complainant appealed.

The facts as admitted by the demurrer are as follows: Complainant is the owner of real and personal estate in the city of Alton, and is, and for many years has been, a tax-payer in said city. In pursuance of paragraph 94 of section 1 of article 5 of the general act for the incorporation of cities and villages, under which the city of Alton is incorporated, an ordinance had been passed and was in force in said city providing that printing of all kinds, stationery and blanks and the supplies needed for the use of the city, should be let by contract to the lowest bidder, unless the amount of the contract should be less than $10. On July 18, 1898, the city comptroller advertised for sealed proposals for the printing of ninety-two bonds to be issued by the city for State street paving, according to a sample to be obtained at the office of the corporation counsel; also two abstracts of record and

two briefs for the Appellate Court, to be printed accord-
ing to the rules of that court, at a price per page to be
stated by the bidders. At the appointed time three sealed
proposals were received by the comptroller, one of which
was made by complainant. His bid was the lowest, and
he offered to print the bonds for $18.25 and the abstracts
and briefs for 39 cents per page. The bid of the Sentinel-
Democrat Printing Company was next higher, and was
$23.85 for the bonds, 57 cents per page for abstracts and
49 cents per page for briefs. The city council had before
that time received and accepted a petition of a typo-
graphical union asking the council to prohibit the let-
ting of any contract for city printing to or having any
city printing done in any office which could not furnish
the label of said union, and the council had directed an
ordinance drawn as prayed for in the petition. The ordi-
nance had been prepared and introduced, and laid over,
under the rules of the council, until the next meeting,
when final action upon it would be taken. Complainant,
who was the lowest bidder, was not a member of the
typographical union, did not employ union labor and could
not show the union label, while the Sentinel-Democrat
Printing Company did employ union labor and could fur-
nish the union label. The comptroller and printing com-
mittee of the city council accepted complainant's bid for
the abstracts and briefs for the sole reason that they
were required to be printed without delay, but postponed
action on the bids for the bonds solely in anticipation of
the passage of this ordinance, under which they might
reject complainant's bid. At the next meeting of the city
council, August 9, 1898, the ordinance was passed, pro-
viding as follows: "That hereafter all city printing shall
be awarded and let only to such printing houses or shops
as employ union labor or can show the union label, and
the city comptroller and the committee on printing are
hereby directed and instructed to carry this out." After
passing the ordinance the council took up the bids and

accepted the bid of the Sentinel-Democrat Printing Company, for the sole and only reason that said company employed union labor and could satisfy the requirements of the ordinance. The ordinance was approved the next day by the mayor. Complainant, whose bid was the lowest, is a printer and stationer in the city of Alton, and is an experienced, practical and responsible printer, fully qualified to comply with his bid. When the bill was filed nothing had been done towards printing the bonds or carrying out the contract.

In his character as a tax-payer of the city of Alton complainant had a right to enjoin any intended misappropriation of public money by the council or officers of the city, or the payment of such money on an illegal contract or without authority of law. (*Littler* v. *Jayne*, 124 Ill. 123; *Adams* v. *Brenan*, 177 id. 194.) If the contract in question was awarded in violation of the statute of the State and the ordinance of the city requiring it to be let to the lowest bidder, he could sue as a tax-payer to enjoin its consummation, and his rights in that respect are not affected or abridged by the fact that he was also a bidder. The ordinance had not been approved by the mayor, and it would have been a nullity if that formality had already occurred; but it is admitted that the lowest bidder was well fitted and qualified to do the work; that no question of the qualifications of bidders was considered; that the refusal to let to the lowest bidder was not to protect the city with respect to the proper performance of the contract or in the exercise of any discretion, but that the council cast upon the tax-payers an increased burden, contrary to the provisions of the statute and ordinance, solely because it had entered into a combination with a certain class of persons doing printing, to restrict the privilege of bidding to such class instead of leaving it open to all citizens upon like conditions. Such a combination or agreement is in violation of common right, tends to create a monopoly and cannot be tolerated.

(*Adams* v. *Brenan, supra.*)   There is here an unequivocal admission of an arbitrary exclusion from the privilege of contracting with the city or laboring for it, of a portion of the citizens, for the sole reason that they are not members of an association, and this action increases the cost of the printing to the injury of the tax-payer.   It is immaterial whether there was any attempted ordinance as a basis for such action or whether it had been approved. The statute and the ordinance required the contract to be let to the lowest bidder, and this implied equal opportunity and freedom in all who might choose to bid.   The Sentinel-Democrat Printing Company could not claim to be the lowest bidder when another and lower bid was rejected under such an arrangement to prevent other persons from competing.   *Dement* v. *Rokker*, 126 Ill. 174.

A court of equity will not review the proceedings of a city council in matters left to its discretion where such discretion has been exercised in good faith, and it is insisted that this case comes within that rule and that the decree should not be disturbed for that reason.   In the statute under which the ordinance was passed, the limit prescribed for the action of the city council is that the contract shall be let to the lowest bidder, and in this respect the provision is different from others which have been considered, where the contract is to be let to the lowest responsible bidder or some other qualification is added.   The advertisement stated that the contract would be awarded to the best and lowest bidder, but the additional qualification that the bidder should be the best was not within the statute or the ordinance.   There may have been good reason in the judgment of the legislature for making a different provision as to printing, stationery and supplies, which could be inspected and rejected on receipt, from the case of permanent improvements, where permanent injury might be done or great public interests suffer for want of responsibility or proper ability to perform the work.   By the literal reading of the statute no

discretion is left to the city council, since it requires no discretion to determine which is the lowest bid. That is settled by a comparison of the amounts. But we will not consider the question whether any discretion is left to the city council, for the reason that it is here admitted that there was no exercise, or attempt to exercise, discretion as to the qualifications or facilities of the bidders. .The lowest bidder was well qualified and able to do the work, and the refusal to award the contract to him was because he did not employ the members of a certain association and could not furnish the label of that organization. The refusal on such ground was merely the imposition of a greater burden on the tax-payers through an attempted abuse of power.

We understand from the argument for appellant that he does not insist upon that prayer of his bill the effect of which would be to compel an award of the contract to him, and we do not consider that feature of the case.

Counsel for appellees says that the contract has been performed and the money paid, and that the court should disregard the injury done to the tax-payer for the reason that it has been fully accomplished. The record does not show that the fact stated is true, but if it is, the action was taken after the filing of the bill and when the court had acquired jurisdiction to prevent the wrong. No action under such circumstances can affect the power of the court to grant the relief prayed for and to compel restitution. There was no injunction *pendente lite*, and the defendants would not be liable for contempt for violating an order of the court, but if a defendant acts in such a case, it is at the risk of being compelled to restore the condition existing when the court acquired jurisdiction. *Lambert* v. *Alcorn*, 144 Ill. 313.

The decree of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer and thereafter proceed in conformity with what is here said.                 *Reversed and remanded.*