THE PATERSON CHRONICLE COMPANY, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

Argued November 13, 1900—Decided February 25, 1901.

1. A corporation resident and a taxpayer in a city, and which is especially affected by a resolution of the common council thereof. has such an interest as will entitle it to prosecute a writ of *certiorari* to test the legality of such municipal action.

2. A resolution which excludes all persons from entering into certain contracts except those of a specified class tends to monopoly and the imposition of additional burdens upon the taxpayers and is void.

On *certiorari.*

Heard on rule to show cause why a *certiorari* should not issue to bring up the following resolution of the mayor and aldermen of the city of Paterson:

"Resolution by Alderman T. C. Wright, that this board place itself on record as desiring to favor anything calculated to benefit the working people of this city, and desires to express its sympathy for those who are endeavoring to better their condition.

"*Resolved,* That in furtherance of this idea we think that it should be the sense of the city government, in every way possible, to patronize such establishments as recognize trade unions and pay union wages to their employes.

"*Resolved,* That in pursuance of such principle, that the printing and stationery committee of this board, and the officers of this city, be and they are hereby directed to confine all orders for printing and advertising, so far as it can be legally done, to such offices and newspapers that recognize the Typographical Union, and that the finance committee and comptroller audit no bills for printing done in other than union printing offices."

Before Justices VAN SYCKEL and FORT.

For the rule, *John W. Harding.*

*Contra, Michael Dunn.*

PER CURIAM.

In this case we think the prosecutor may sue out the writ.

Its right may be sustained upon two grounds, either of which give it sufficient standing under our decisions—*first,* that it is resident and a taxpayer in the city of Paterson; *second,* that the resolution sought to be set aside is injurious to it in its business. *Middleton* v. *Robbins, 25 Vroom 566; Stroud* v. *Consumers Water Co., 27 Id. 422; Tallon* v. *Hoboken, 30 Id. 383; Hoxsey* v. *City of Paterson, 10 Id. 489,*

493; *Beecher* v. *Board of Street and Water Commissioners,* 35 *Id.* 475.

Nor do we think that the resolution itself is one that the city has the power to adopt. It is in restriction of the rights of the public, and tends to a limitation of the general right of the city officials to contract for printing. It excludes all persons or corporations from contracting with the city not of a specified class, which fact tends to create a monopoly and impose a possible additional burden on the taxpayers.

This view is sustained by a long line of judicial authority, from which a few citations only are necessary. *Van Reipen* v. *Jersey City,* 29 *Vroom* 262; *Holden* v. *City of Alton,* 179 *Ill.* 318; *City of Atlanta* v. *Stein,* 36 *S. E. Rep.* 932.

The writ will be allowed.