131   129
139   309

### WAGNER *v.* GLADWIN CIRCUIT JUDGE.

MANDAMUS—REPLICATION—HEARING—COURT RULES.

> Cir. Ct. Rule 46 *c* provides that "all material allegations of the petition in *mandamus* proceedings, not specifically answered by the respondent, may be taken as admitted." Subdivision *d* provides that the proceeding "shall stand for hearing upon the return day of the writ, without notice of trial or hearing, unless the court, for cause shown, shall order a postponement of such hearing." *Held,* not to contemplate that the relator in a *mandamus* case may, on his own motion, and without any suggestion of the necessity of framing an issue, or any order of the court, file a replication, and proceed to a hearing on petition, answer, and replication.

*Mandamus* by Julius G. Wagner to compel Nelson Sharpe, circuit judge of Gladwin county, to vacate an order striking a replication from the files in a *mandamus* proceeding.   Submitted October 29, 1901.   (Calendar No. 18,885.)   Writ denied June 24, 1902.

*O. E. M'Cutcheon* (*William G. Gage*, of counsel), for relator.

*Campbell & Foster*, for respondent.

MONTGOMERY, J.   The sole question presented on this application is whether the relator in a *mandamus* case

---

[1] Consent to remit was duly filed.

*may on his own motion, and without any suggestion of the necessity of framing an issue, or any order of the court in that respect, file a replication, and proceed to a hearing of the case on petition, answer, and replication. We think this question should be answered in the negative. Cir. Ct. Rule 46 *c* provides that "all material allegations of the petition in *mandamus* proceedings, not specifically answered by the respondent, may be taken as admitted by the respondent to be true as alleged." Subdivision *d* provides that the proceeding "shall stand for hearing upon the return day of the writ, without notice of trial or hearing, unless the court, for cause shown, shall order a postponement of such hearing." This rule does not contemplate the filing of a replication as matter of right. No provision is made for it. And while the court may frame an issue upon the application of the relator, and when an issue is framed a replication is a very proper pleading, we do not think that a replication is to be regarded as one of the regular pleadings in the case. The return in this case shows that no application for the framing of an issue was made to the court, and the ruling striking the replication from the files is sustained.

Hooker, C. J., Moore and Grant, JJ., concurred. Long, J., did not sit.