LEWIS v. BOARD OF EDUCATION OF CITY OF DETROIT.

1. CERTIORARI—PRACTICE—QUESTIONS CONSIDERED.
   On certiorari to review the action of the lower court this court can reverse only for objections presented by the record to the court below and assigned by the petition for the writ.

2. MANDAMUS—PRACTICE—ISSUES—PLEADINGS — REPLICATION AND REJOINDER.
   The only pleadings contemplated by our mandamus practice are the petition and answer, replication and rejoinder being unauthorized.

3. SAME—DETERMINATION OF ISSUES.
   Where no issues are framed, mandamus proceedings are disposed of on the issue raised by the petition and answer, it being assumed that all averments of fact in the answer and all material allegations in the petition, not specifically answered by the respondent, are true as alleged. Circuit Court Rule 46 c.

4. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS
—UNION LABOR CLAUSE.

The board of education of the city of Detroit has no power to require contractors constructing public buildings to employ union labor exclusively.

Certiorari to Wayne; Hosmer, Donovan, Frazer, and Rohnert, JJ. Submitted February 7, 1905. (Calendar No. 20,752.) Decided March 7, 1905.

Mandamus by Henry B. Lewis to compel the board of education of the city of Detroit to award a contract to relator. There was an order granting the writ, and respondent brings certiorari. Affirmed.

*George F. Monaghan*, for relator.
*James H. Pound*, for respondent.

CARPENTER, J. Certiorari to review mandamus proceedings. Relator was the lowest bidder—he was, in fact, the only bidder—for the steelwork of a school building which respondent had decided to erect. Later respondent adopted the recommendation of a committee that the contract be awarded to relator. Still later respondent passed the following resolution:

"*Resolved*, that all contracts for the erection of the Goldberg school [the school for which relator had made his bid] be awarded to the lowest bidders for the several classes of work: *Provided*, they agree to insert in their contracts an agreement to employ union labor exclusively, and that where the lowest bidder refuses to insert such clause in his contract, the contract be awarded to the next higher bidder who will agree to insert such clause in his contract."

Relator formally offered, and respondent formally refused to sign, the contract according to his proposal, with the union labor clause stricken out. Relator thereupon commenced these proceedings in the Wayne circuit court. A hearing was had before Judges Hosmer, Donovan, Frazer, and Rohnert, who granted a mandamus directing

said respondent to execute said contract with the union labor clause omitted. Those proceedings are brought to this court for review.

We must determine at the outset precisely what objections are open to our consideration. It is quite clear that we are not at liberty to look through this record for the purpose of ascertaining what, if any, valid objections might be made to the order of the trial court. We have a right to reverse such order only for objections presented by the record to the court below, and objections assigned by respondent's counsel when he obtained the writ of certiorari. See *City of Monroe* v. *Board of Sup'rs of Monroe Co.*, 137 Mich. 638. The petition upon which the writ of certiorari was granted assigns no error but this: "They do not believe the decision of the circuit court in this case to be according to law, and they pray * * * that the decision * * * may be reversed, vacated, and set aside." Under these circumstances, it is no injustice to the respondent if we look at the brief accompanying said petition, to ascertain its objections. In that brief it is said:

"Really, there are but these two points to decide in this case: *First.* Has the board of education of the city of Detroit the discretionary power to authorize it to segregate the labor it wishes to buy, so that it may buy a standard kind or class; not, however, presuming to dictate as to individuals? *Second.* Even if the respondent was wrong, upon the facts shown, of but a single bid, should not the order of the circuit court to the board of education have been to readvertise for proposals to be made in the open market, without any limitations thereon whatsoever?"

Under the rules applicable to certiorari proceedings, we can reverse the order of the lower court only on one of these two grounds.

Turning now to the record in the court below, we find in respondent's answer that only the first of these grounds is urged as a reason why the writ should not issue. It is true, other reasons are stated in a rejoinder of respondent

to a replication of relator, but neither this replication nor this rejoinder was authorized by proper practice. See Circuit Court Rule 46*c*; Supreme Court Rule 13; *Just* v. *Township of Wise*, 47 Mich. 511. To make this clear, we undertake to state the practice to be pursued in mandamus proceedings: Our practice in these proceedings was designed to be simple and expeditious. The only pleadings contemplated are relator's petition and respondent's answer or return. If relator desires to controvert the facts stated in the answer, issues may be framed under the direction of the trial court. While, for the purpose of framing these issues, the trial court may permit relator to file a replication (see *Wagner* v. *Gladwin Circuit Judge*, 131 Mich. 129), the more common and expeditious practice is to dispense with the replication altogether and to state such issues in the form of questions on the coming in of the answer. See *Just* v. *Township of Wise*, supra. If no issues are framed—and none were in this case—the proceeding is disposed of on the issue raised by the petition and answer. In determining this issue, it is assumed that all averments of fact in the answer (see *Loomis* v. *Rogers Township Board*, 53 Mich. 135), and " all material allegations of the petition * * * not specifically answered by the respondent," are " true as alleged." See Circuit Court Rule 46, subd. *c*. It follows that the trial court in this case was not called upon to examine respondent's rejoinder, and it is not to be presumed that it did examine it, for the purpose of finding issues not made by the petition and answer.

We conclude, therefore, that the only ground upon which we may reverse the order of the lower court is that respondent had discretionary power to insert the union labor clause in relator's contract. Had it ? It is respondent's purpose, as shown by the resolution heretofore quoted, to have its work performed by union labor, even though it increased the cost to the taxpayers. We are all of the opinion that it cannot effect this purpose, and that it has no power to require contractors constructing public

buildings to employ union labor exclusively. The reasons for this conclusion are so clearly stated in a similar case by the supreme court of Illinois, in *Adams* v. *Brenan*, 177 Ill. 194 (42 L. R. A. 718), that we content ourselves with quoting from that opinion:

"The contract tends to create a monopoly, and to restrict competition in bidding for work. The board of education may stipulate for the quality of material to be furnished, and the degree of skill required in workmanship; but a provision that the work shall only be done by certain persons or classes of persons, members of certain societies, necessarily creates a monopoly in their favor. The effect of the provision is to limit competition by preventing contractors from employing any except certain persons, and by excluding therefrom all others engaged in the same work, and such a provision is illegal and void. * * * No question concerning the merits of labor or trades unions is in any way involved in this case. The right of organization for mutual benefit in all lawful ways is not denied. The question is whether the board of education has a right to enter into a combination with such an organization for the expenditure of the taxpayers' money for the benefit of members of the organization, and to exclude any portion of the citizens following lawful trades and occupations from the right to labor. It has no such right."

See, also, *Holden* v. *City of Alton*, 179 Ill. 318; *Fiske* v. *People, ex rel. Raymond*, 188 Ill. 206 (52 L. R. A. 291); *Marshall & Bruce Co.* v. *City of Nashville*, 109 Tenn. 495. It follows that we cannot reverse the order of the circuit court.

This case should not be regarded as authority for the proposition that mandamus is a proper remedy in a case of this nature. For the reasons heretofore stated, we are not at liberty to consider that question, and therefore we do not consider it.

The decision is affirmed, with costs to relator.

MOORE, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.