This is an action in mandamus filed in this court, wherein the relator seeks a writ compelling the defendants to enter into a contract with the relator for the construction of a steam and electric transmission line from the Ohio Penitentiary to the State Office Building, in the city of Columbus, and to accept the relator's bond filed therewith. The cause was presented to this court upon a demurrer to the petition of the relator. While the petition contains a detailed history of the transaction, the salient facts contained in the petition and conceded to be true by the demurrer are as follows:
Under authority and pursuant to an enabling act passed by the state, the State Building Commission published notice asking for sealed proposals for the construction of said steam and electric transmission line, which notice provided that each bid should be accompanied by a bond. Pursuant to that notice, on October 5, 1931, fourteen bids were received for the construction of the project, and the bid of the relator, amounting to $72,965, was the lowest in amount of the bids submitted, being about four thousand dollars lower than any other proposal. With his proposal the relator filed his bond as required by law. The State Building Commission on the day last named adjourned until the following day, October 6, 1931, at 9:30 a. m., when it was to award the contract. On October 6, 1931, on the recommendation of the architect, the relator's bid was accepted, and a resolution was passed by the commission awarding the contract to the relator for said sum, which resolution was concurred in by all members of the commission then present. Thereupon the chairman of the commission notified relator's representative *Page 415 
that the resolution had been carried with the understanding that the contract and bond must be approved by the Attorney General. This was assented to by the relator. Shortly thereafter, upon inquiry of the chairman of the commission as to whether relator employed union labor, and upon relator's answer that it operated upon an open shop basis and hired its workmen without discrimination as to their affiliation with a labor union, the chairman of the commission informed relator's representative that, because of relator's said policy, the commission had voted to rescind its former action in awarding the contract to the relator; the chairman and other members of the commission then notifying the relator's representative "that they could not award the said contract to relator because it did not employ exclusively union men." The petition further alleges that the relator's employees are citizens and taxpayers of the state; that the commission is in possession of its bond to secure the performance of the contract, which it refuses to enter into with the relator; and specifically it alleges that the attempted rescission of its award by the commission "was brought about solely because of the fact that in the performance of said contract relator purposed to employ workmen, citizens of the State of Ohio, without regard to their affiliation or non-affiliation with a labor union."
The complaint of counsel for the relator is that the action of the commission, in canceling this award solely because relator proposed to employ workmen without discrimination as to their affiliation or non-affiliation with a labor union, is violative of the provisions of Article I, Section 1, of the Ohio Constitution, *Page 416 
as well as of the provisions of the Fourteenth Amendment of the Constitution of the United States.
That mandamus is a proper remedy, in the situation here presented, must be conceded as there is no other remedy available at law to the relator. That is the trend of authority in this state and elsewhere. This court has held that mandamus is the proper remedy in the following cases: Beaver Butt v.Trustees of Institution for Blind, 19 Ohio St. 97; Boren Guckes v. Commissioners of Darke County, 21 Ohio St. 311. In closing his opinion in the latter case, Day, J., on page 324, said: "As to the right of a bidder under the act, in a proper case, to a remedy by mandamus, it is sufficient to say that it has already been recognized by this court in the case before cited, and that in no other manner can the rights of bidders, and the manifest policy of the statute in relation to the public interests, be adequately secured and enforced." This court has heretofore held that mandamus may not be employed to control the discretion of an administrative board unless such discretion has been abused; but that principle cannot possibly apply where the discretion is arbitrarily exercised and based solely upon the ground that one class, and only one class, of labor should be employed, and especially is this so when the exercise of this discretion results in abridging constitutional guaranties to a citizen or in denying him the equal protection of the laws.
Counsel for relator cite a large number of cases upholding the rule that an administrative board may not so exercise its discretion as to refuse to accept a bid solely upon the ground that nonunion labor might be employed upon the project. Among the *Page 417 
cases cited by them where the principle here involved is fully discussed are the following: Miller v. City of Des Moines,143 Iowa 409, 122 N.W. 226, 23 L.R.A. (N.S.), 815, 21 Ann. Cas., 207; Lewis v. Board of Education of City of Detroit,139 Mich. 306, 102 N.W. 756; Adams v. Brenan, 177 Ill. 194,52 N.E. 314, 42 L.R.A., 718, 69 Am. St. Rep., 222;Holden v. City of Alton, 179 Ill. 318, 53 N.E. 556; Wright
v. Hoctor, Mayor, 95 Neb. 342, 145 N.W. 704, 146 N.W. 997, 52 L.R.A. (N.S.), 728, Ann. Cas., 1915D, 967; City ofAtlanta v. Stein, 111 Ga. 789, 36 S.E. 932, 51 L.R.A., 335;Marshall Bruce Co. v. City of Nashville, 109 Tenn. 495,71 S.W. 815; Paterson Chronicle Co. v. City of Paterson,66 N.J. Law, 129, 48 A. 589; Davenport v. Walker, 57 App. Div. 221,68 N. Y. S., 161.
Neither in oral argument nor brief has the Attorney General supplied us with authority holding otherwise. It follows, therefore, from what has been said, the demurrer to the petition should be overruled. If the defendants so desire, they will be given thirty days leave to answer.*
 Demurrer overruled.
MARSHALL, C.J., JONES, MATTHIAS, DAY, ALLEN, KINKADE and ROBINSON, JJ., concur.
* REPORTER'S NOTE. See Volume 125 Ohio State Reports for ruling on demurrer to petition. *Page 418