By the Court.
The six concurring members of this court agree that the question presented is identical with the one heretofore presented by demurrer to the petition in this case and reported in 124 Ohio St., 413, 179 N. E., 138. No other question has been before this court for consideration. Let no layman be misled— the bench and bar will not be. There was but one legal issue made by the demurrer to the petition, and the same issue is made by demurrer to the answer. The clear issue of law in this case — and it is the only issue in this case — is whether a public contract may be denied to the lowest bidder upon the sole ground that he employs only union labor, or upon the sole ground that he does not employ exclusively union labor. If an *302 award of a public contract can be denied upon the' latter ground, it could for the same reason be denied upon the former. Can our public officers permit such discrimination? Courts without exception announce the rule that no such discrimination can be made.
But it is claimed that the writ of mandamus can be awarded if there be an abuse of discretion. On the first hearing of this case this court was unanimous in holding that the principle usually applying to discretion and its control “cannot possibly apply where the discretion is arbitrarily exercised and based solely upon the ground that one class, and only one class, of labor should be employed, and especially is this so when the exercise of this discretion results in abridging constitutional guaranties to a citizen or in denying him the equal protection of the laws.”
The claim is made that costly delays and added expenses may occur because of possible trouble if this contract be not awarded to the bidder employing union labor. This claim assumes that a great state cannot control its laws requiring public bidding; cannot protect its citizens from unconstitutional discrimination. If such discrimination be permitted, all the laws controlling public bidding and requiring awards to be made to the lowest bidder have no potency. The state would be helpless.
But let us assume that the shoe had been placed on the other foot, assume that public officers, anticipating labor troubles, would refuse to award a bid to a contractor employing union labor. What would be the answer of the respondents to that proposition and what would be the answer of the dissenting member of this court? In such event organized labor would protest, and rightly so; and this court would scrupulously protect it from such unconstitutional discrimination. In the case of La France Electrical Construction & Supply Co. v. International Brotherhood of Electrical Workers, 108 Ohio St., 61, 140 N. E., 899, this court *303 was called upon to protect, and it did protect, the lawful rights of union labor. In the course of that opinion it was said, at page 95 of 108 Ohio State, 140 N. E., 908: “Equality of justice demands that in any controversy the rights of all parties he scrupulously maintained. The right of workmen to he employed, irrespective of union membership, must he maintained; the right of the employer to conduct his business without illegal interference must he upheld; and legal means employed by strikers must not he curtailed.”
We heartily agree to the claim advanced that the officers composing the building commission are men of high character; but that fact can in no way affect the vital constitutional question presented.
The demurrer to the answer searches the entire record ; and upon consideration of the admitted facts contained in the pleadings it is ordered and adjudged that the writ of mandamus prayed for be, and the same is hereby, allowed.

Writ allowed.

Jones, Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.