## J. EDWIN MUGFORD, ET AL *v.* MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL

[No. 4, October Term, 1945.]

*Decided November 28, 1945.*

*Decretal order modified on denial of rehearing, January 8, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Willis R. Jones* and *Walter H. Buck,* for the appellants.

*Simon E. Sobeloff, City Solicitor,* with whom were *Lester H. Crowther, Deputy City Solicitor,* and *Avrum K. Rifman, Assistant City Solicitor,* on the brief, for the Mayor and City Council of Baltimore.

*Carlyle Barton* for the International Union.

*Thomas J. Grogan, Jr.,* with whom was *Isidor Koman* on the brief, for the local union.

GRASON, J., delivered the opinion of the Court.

On April 8, 1944, the Department of Public Works of the Mayor and City Council of Baltimore, acting for and on behalf of the City of Baltimore, entered into an agreement with the Municipal Chauffeurs, Helpers and Garage Employees Local Union No. 825, a subordinate Local Union of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, affiliated with the American Federation of Labor.

The appellants, as taxpayers, filed their amended bill of complaint on May 19, 1944, in the Circuit Court No. 2 of Baltimore City. The City and the Union were made parties thereto. The amended bill is a document of some length and in it appellants attack the agreement referred to as being null and void and of no legal effect. It prays: (A) That the paper writing dated April 8, 1944, executed by the City and the Union "be declared to be void and of no binding effect upon the Mayor and City Council of Baltimore or any of its subordinate officials or Departments"; (B) That the Defendants, the Mayor and City Council of Baltimore, the Board of Estimates of Baltimore City, and the Department of Public Works of Baltimore City, "be enjoined and restrained from extending any preferential advantage or privilege" to the Union or to its officers; (C) that the City "be enjoined and restrained from making any deductions from the wages or salaries of employees" of the City, for the payment of union dues of such employees to the Union; and (D) for "further relief as their case may require."

The City and the Union, respectively, filed a combined demurrer and answer to the amended bill of complaint, testimony was taken at length, solicitors for the parties heard, and the case submitted for decree. On the 4th day of December, 1944, the Chancellor decreed:

1. That the demurrers filed by the defendants to the amended bill of complaint be and the same are hereby overruled.

2. That the paper writing dated April 8, 1944, executed by the City and the Union "be and the same is hereby declared to be invalid."

3. That the writ of injunction be issued to the end that the City be "permanently enjoined and restrained from carrying out the undertakings of said contract of April 8, 1944 and from making and carrying out any other agreement with the Defendant Union granting to such Union and its members, preferential advantages of any character over other employees of the City of Baltimore."

4. "That the prohibition of said writ embrace as well the collection of union dues by the Central Payroll Bureau and the remittance of said dues to the Defendant Union in accordance with the provisions of said contract of April 8, 1944; but *shall not forbid the collection and remittance of such dues by the Central Payroll Bureau upon a purely voluntary basis, terminable by any employee at any time in any future contract between the City and the Defendant Union.*"

The Chancellor, therefore, plainly and definitely granted the relief prayed by appellants in prayers (A) and (B) of their amended bill of complaint. The agreement in question attacked by appellants was decreed to be "invalid," and the City was "permanently enjoined *and restrained from carrying out the undertakings of said contract of April 8, 1944,* and from making and carrying out any other agreement with the Defendant Union granting to such Union and its members, *preferential advantages of any character over other employees of the City of Baltimore.*" From this decree appellants bring this appeal.

Neither the City nor the Union appealed from the decree, and as the decree granted the relief prayed for by the appellants, the agreement of April 8, 1944, is not before this Court. It needs no authorities to support the proposition that one cannot appeal from a decree wherein the relief he prays for has been granted. And no cross appeal having been taken, the ruling of the

Chancellor that the agreement is invalid cannot be reviewed on this appeal.

There appears in the record an agreement entered into by the City and the Union, which is dated the 17th of November, 1944. This agreement was not dealt with in the proceedings before the Chancellor, and manifestly it cannot be considered here.

The amended bill of complaint challenged the power of the City to make an agreement recognizing a union as the collective bargaining agency for its members, consisting of street-cleaners and other employees of the City. The Chancellor struck down the agreement before him, and in the absence of a cross-appeal his ruling is the law of the case. Moreover, it was admitted by the appellees, in argument, that the Department of Public Works could not bind the City, by contract, in any particular relative to hours, wages or working conditions, either as to union employees, or as to all employees in the same classification. To the extent that these matters are covered by the provisions of the City Charter, creating a budgetary system and a civil service, those provisions of law are controlling. To the extent that they are left to the discretion of any City department or agency, the City authorities cannot delegate or abdicate their continuing discretion. Any exercise of such discretion by the establishment of hours, wages or working conditions is at all times subject to change or revocation in the exercise of the same discretion. But it by no means follows that employees may not designate a representative or spokesman to present grievances.

It has been frequently held that a municipality, in performing work or other duties it is required by law to do, cannot discriminate in favor of members of a labor union. Such action would not only be unlawful but would also tend to constitute a monopoly of public service by members of a labor union, which the law does not countenance. By the same force of reasoning a citizen who is a member of a union cannot, by that fact alone, be barred from a position in the public service. *Miller v.*

*City of Des Moines,* 143 Iowa 409, 122 N. W. 226; *Adams v. Brenan, et al,* 177 Ill. 194, 52 N. E. 314; *Holden v. City of Alton,* 179 Ill. 318, 53, N. E. 556; *State ex rel. United District Heating, Inc. v. State Office Bldg. Commission,* 125 Ohio St. 301, 181 N. E. 129; *Goddard v. City of Lowell,* 179 Mass. 496, 61 N. E. 53; *Wright v. Hoctor, Mayor, et al.,* 95 Neb. 342, 145 N. W. 704; *Lewis v. Board of Education of City of Detroit,* 139 Mich. 306, 102 N. W. 756; *Marshall & Bruce Co. v. City of Nashville,* 109 Tenn. 495, 71 S. W. 815; *State v. Toole,* 26 Mont. 22, 66 P. 496; *City of Atlanta v. Stein,* 111 Ga. 789, 36 S. E. 932, 51 L. R. A. 335; *Teller, Labor Disputes & Collective Bargaining,* Vol. 1, Section 171; 18 *N. Y. U. L. Q. R,* p. 247.

In *Raney v. County Com'rs of Montgomery Co.,* 170 Md. 183, 197, 183 A. 548, 554, this Court, through Judge Offutt, said:

"While it is true that no particular person has any right to governmental employment, yet all persons have a right to apply on equal terms for such employment, and when terms are prescribed as conditions precedent to such employment, they must be reasonable, and such as have some relation to qualification for the service."

The City has no right under the law to delegate its governing power to any agency. The power of the City is prescribed in its charter, and the City Charter constitutes the measure of power that is possessed by any of its officials. To delegate such power to an independent agency would be a serious violation of the law. To recognize such delegation of power in any City department might lead to the delegation of such power in all departments, and would result in the City government being administered regardless of its charter.

The matter before us under this appeal is that part of paragraph four of the decree which we have italicized. In other words, the sole and only question for decision on this record is the right of the City to permit members of the Union to have dues deducted from their wages if they individually so request. The injunction which was directed to be issued does "not forbid the

collection and remittance of such dues by the Central Payroll Bureau upon a purely voluntary basis, terminable by any employee at any time in any future contract between the City and the Defendant Union."

If a City employee voluntarily asks the Central Payroll Bureau to deduct from wages due him and remit the same to a person, partnership, or corporation, reserving to himself the right to discontinue such payments in the future, it would seem that the City could comply with the request, provided it is permitted by the general regulations applicable to the Central Payroll Bureau. The record shows that the City has extended a similar privilege to all its employees in regard to certain items, such as subscriptions to War Loans, the Red Cross, pensions and charitable funds of various kinds. This is a matter of policy. It could not be imposed without the City's consent, but we think it is within the power of the City to extend the privilege to members of a union, provided it is open to all alike and the request for the deduction comes in the first instance from the individual employee. On the other hand, if the City should undertake to make a deduction at the instance or demand of a union, even though the deduction was terminable by any employee at any time, the arrangement would be open to objection as a delegation of governmental power, and would extend a preferential advantage to the Union, as forbidden by paragraph three of the Chancellor's decree. We think the Chancellor did not intend to authorize a recognition of the Union in this respect. In any event, paragraph four of the decree is to be considered as modified by what we have here said, to mean that the City may, consistently with its general policy extend to individual employees the privilege of having dues deducted and paid to this or any other Union, upon request of the individual employee.

We have considered the motion to dismiss the appeal, filed by appellees. The appellants, as taxpayers, had a right to litigate the question of whether the deduction of dues under the voluntary system referred to was

lawful, and the motion to dismiss will be denied. *Baltimore v. Employers' Ass'n,* 162 Md. 124, 132, 159 A. 267; *Hanlon v. Levin,* 168 Md. 674, 681, 179 A. 286.

*Motion to dismiss appeal overruled; decree affirmed. Appellants and appellees to divide costs, each side to pay one-half.*