**MASTER PRINTERS ASSOCIATION, a Division of Printing Industry of Illinois Association, Inc., Plaintiff,**

v.

**BOARD OF TRUSTEES OF JUNIOR COLLEGE DISTRICT NO. 508, CITY OF CHICAGO AND STATE OF ILLINOIS, Defendant.**

No. 72 C 1997.

United States District Court,
N. D. Illinois, E. D.

Feb. 28, 1973.

**1356**

Gerald Tockman, Borovsky, Ehrlich, & Kronenberg, Chicago, Ill., for plaintiff.

Irwin I. Zatz, Arvey, Hodes & Mantynband, Chicago, Ill., for defendant.

Marvin Gittler, Asher, Greenfield, Gubbins & Segall, Chicago, Ill., for Illinois State Federation of Labor–CIO, amicus curiae.

Macdonald, Hanley & Stege, Chicago, Ill., for Employers Association of Greater Chicago, amicus curiae.

## MEMORANDUM OPINION

### Motion to Dismiss

MAROVITZ, District Judge.

This is a class action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and for an injunction seeking to declare unconstitutional defendant's practice whereby bidding for the printing of educational materials and booklets is restricted to unionized firms only. Plaintiff brings this action on behalf of the approximately four hundred printing firms who are its members and whose employees are not members of or represented by any labor organization and on behalf of all others similarly situated.

Defendant has filed a Motion to Dismiss on the grounds that no constitutional right has been violated and plaintiff has no standing to question the bidding specifications of defendant.

We will first discuss the standing question in view of the fact that a disposition in defendant's favor will eliminate any need to elaborate on the substantive issue. Defendant places heavy reliance in Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108. At issue in *Perkins* was a provision of the Walsh-Healy Act (41 U.S.C. §§ 35–45) that required sellers to pay their employees who were engaged in producing goods for sale to the government not less than a minimum wage as determined by the Secretary of Labor. The plaintiffs were prospective bidders who sought review of certain wage determinations made by the Secretary of Labor. The Supreme Court held that *potential* bidders have no right to challenge government procurement actions. Applying the principles of *Perkins* to our case defendant would have us find that plaintiff association and its members are in no way injured or deprived by defendant's acts and that as "potential bidders" they have no standing to sue. Defendant's fundamental error lies in his belief in the continuing viability of *Perkin's* as the landmark decision in regard to standing to the exclusion of more recent developments. Various recent decisions have greatly expanded and liberalized standing requirements. In Association Of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970) the Supreme Court held that an association of data processing companies had standing as an aggrieved party to sue to reverse a ruling of the Comptroller of the Currency that the Bank Service Corporation Act of 1972 did not prohibit national banks from selling data processing services to other banks and that the traditional "legal interest" test goes to the merits and is not a prerequisite to standing. Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970) radically changed the law in regard to the standing of unsuccessful or potential bidders to sue. In *Scanwell* the second lowest and unsuccessful bidder for the installation of certain instrument landing systems for the FAA challenged the award to the lowest bidder on the ground that its bid was not responsive to the bidding invitation. The Court found that the recent trend of Supreme Court decisions on standing such as Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Hardin v. Kentucky Util. Co., 390 U.S. 1, 88 S.Ct. 651, 19 L.Ed.2d 787 (1968) and

Abbot Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) indicate that *Perkins* is no longer viable law and that unsuccessful bidders have standing to sue. Finally in Ballerina Pen Co. v. Kunzig, 140 U.S.App.D.C. 98, 433 F.2d 1204 (1970), a case quite similar to ours, plaintiff challenged the determination of the Administrator of the General Services Administration that contract competition for the supply of government pens should be limited to firms employing the blind. The Court of Appeals reversed the lower court and found that as a potential bidder plaintiff had standing. *Ballerina* is significant in that a *potential* bidder was involved such as in our case unlike the *unsuccessful* bidder involved in *Scanwell* and yet the Court found that foreclosure from an opportunity to bid can result in "legal injury" and is sufficient to afford standing. While the aforementioned cases admittedly deal mostly with Federal procurement contracts and the various related statutes, the clear trend towards the grant of standing to potential bidders is unmistakable and is applicable to state or municipal procurement contracts as it is to Federal contracts. *See also* Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Blackhawk Heating & Plumbing Co. v. Driver, 140 U.S.App.D.C. 31, 433 F.2d 1137 (1970).

The rationale of these cases as applied to our action compels us to find that plaintiff association and its members as potential bidders do indeed have standing to challenge defendant's practice to limit bidding to firms employing only union labor.

As to the substantive elements of the complaint defendant contends that no constitutional rights have been violated by defendants practice and that consequently the case ought to be dismissed for failure to state a cause of action. At least for the purposes of this motion at the inception of the case it would be remiss for us not to take notice of the long line of cases holding the precise conduct alleged here as unconstitutional and against public policy. Beginning with Adams v. Brenan, 177 Ill. 194, 52 N.E. 314 (1898) the law in this state has prohibited such conduct. Indeed in Holden v. Alton, 179 Ill. 318, 53 N.E. 556 (1899) the Supreme Court of Illinois held that a contract for city printing must be granted the lowest bidder and cannot be refused because a firm employs non-union help. Likewise in Anthony P. Miller, Inc. v. Wilmington Housing Auth., 165 F.Supp. 275 (D. Del.1958) the District Court stated that "by the clear weight of authority, a municipal corporation cannot discriminate in favor of organized labor." (at ·279) citing Mugford v. Mayor, *infra;* Teller on Labor Disputes, Vol. 1, § 171; and State ex rel. United Dist. Heating v. State Office Building Commission, *infra.* We note here that the issue is not purely a labor one, i. e. whether a state or municipal corporation can support organized labor exclusively but rather the general question of whether as a matter of public policy the *lowest bidder* ought to be granted the contract in order to conserve public funds irrespective of the union or non-union implications and whether discrimination results from restriction to unions alone.

*See also* Miller v. City of Des Moines, 143 Iowa 409, 122 N.W. 226 (1909); City of Atlanta v. Stein, 111 Ga. 789, 36 S.E. 932 (1900); Fiske v. People, 188 Ill. 206, 58 N.E. 985 (1900); Davenport v. Walker, 57 A.D. 221, 68 N.Y.S. 161 (1901); Lewis v. Board of Education, 139 Mich. 306, 102 N.W. 756 (1905); Wright v. Hoctor, 95 Neb. 342, 145 N.W. 704, 146 N.W. 997 (1914); State ex rel. United District Heating, Inc. v. State Office Building Commission, 124 Ohio St. 413, 179 N.E. 138 (1931); Reid v. Smith, 375 Ill. 147, 30 N.E.2d 908 (1940); Mugford v. Mayor and City Council of Baltimore, 185 Md. 266, 44 A.2d 745. *See also* McQuillin, Municipal Corporations, 2d ed. Vol. 3 § 1305 and cases cited therein to the proposition that municipal contracts cannot be restricted to firms employing only union labor. While most of the Illinois cases cited are not of re-

**1358**

cent vintage, indications are that they still represent the law in this state as it exists today.

In view of the foregoing cases we believe that plaintiff may indeed be able to prove that it falls within the ambit of this proposition and we therefore deny the Motion to Dismiss with leave to reinstate at a later date should the facts evolve in such a manner as to indicate the inapplicability of the above stated rule to this case.