Dear Delegate Hurson:
You have requested our opinion whether the Housing Opportunities Commission of Montgomery County (the "Commission") has authority under current law "to adopt a procedure requiring itself to bargain collectively, and to enter binding agreements with a duly authorized collective bargaining representative of its merit system employees concerning wages, hours and other terms and conditions of employment."
Our opinion is that the Commission is not authorized to do so under current law. If the Commission is to engage in collective bargaining of the kind summarized in your inquiry, statutory authorization would be needed. However, the Commission does have authority to engage in nonbinding discussions with employee representatives, commonly described as "meet and confer."
 I The Housing Opportunities Commission
The Housing Opportunities Commission of Montgomery County is a "public body corporate and politic." Article 44A, § 2-102(b)(1) and (c) of the Maryland Code. The powers of the Commission are vested in seven commissioners, appointed by the Montgomery County Executive with the approval of the County Council. Article 44A, § 2-102(b)(1) and (2). See also
Article 44A, § 1-209.[1] In general, the Commission is charged with providing housing assistance to persons meeting certain income eligibility requirements. To that end, the Commission has "all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this article." Article 44A, § 2-102(c).
In Jackson v. Housing Opportunities Commission,44 Md. App. 304, 307, 408 A.2d 1337 (1979), the Court of Special Appeals concluded that the Commission is a State agency. On review, however, the Court of Appeals found it "unnecessary for us to determine whether the [Commission] is an agency of the State of Maryland or of Montgomery County." Jackson v. HousingOpportunities Commission, 289 Md. 118, 120, 422 A.2d 376 (1980).
We likewise find it unnecessary to make that determination for purposes of this opinion. Under either view of the Commission's status, the Commission is subject to well-settled principles regarding the authority needed to engage in binding collective bargaining. We turn to that body of law.
 II Authority to Engage in Collective Bargaining
In 1975, this office was asked whether the Housing Authority of the City of Annapolis had the power to enter into a binding collective bargaining agreement with a construction union. Responding with a letter of advice, Assistant Attorney General Robert A. Zarnoch summarized the governing law this way:
 Under Maryland law, the Housing Authority is a public or governmental agency. And it is also clear under Maryland law that although a governmental agency may recognize an organization of employees as the spokesman for its members and discuss with that organization questions relating to wages, hours, or conditions of employment, a governmental agency cannot, without statutory authorization, enter into a binding collective bargaining agreement with a union.
Letter to George N. Manis, Esquire (November 6, 1975) (citations omitted). In concluding that statutory authorization is a prerequisite to a governmental agency's entering into a binding collective bargaining agreement with a union, the 1975 advice letter relied on a prior Court of Appeals decision, Mugford v.City of Baltimore, 195 Md. 266, 44 A.2d 745 (1945), and a series of opinions of the Attorney General. See 59 Opinions of theAttorney General 578 (1974); 44 Opinions of the Attorney General
449 (1959); 41 Opinions of the Attorney General 329 (1956).
Subsequent legal developments only reinforce this conclusion. In two more recent cases, the Court of Appeals has said that a State agency may enter a collective bargaining agreement only if authorized to do so by State statute. See Anne Arundel Co. v.Fraternal Order of Anne Arundel Detention Officers, 313 Md. 98,113, 543 A.2d 841 (1988); Office and Professional EmployeesInternational Union Local 2 v. MTA, 295 Md. 88, 97, 453 A.2d 1191
(1982). In addition, a 1980 Opinion of the Attorney General summarized the law this way: "[A] governmental body, regardless of whether it is a charter county or agency, cannot enter into a binding collective bargaining agreement without some authority to do so in its governing law." 65 Opinions of the Attorney General
136, 151 (1980).
While it is true that the Commission is granted broad statutory authority to carry out the purposes of its enabling statute, nowhere is the Commission granted the authority to engage in binding collective bargaining. The only provision that speaks to its authority over personnel merely states that "it may employ . . . employees, permanent and temporary, and shall determine their qualifications, duties, and compensation." Article 44A, § 1-208(a). This provision falls far short of the kind of direct legislative authorization for binding collective bargaining that is legally required before an agency may do so.
In this regard, we note that the Maryland-National Capital Park and Planning Commission, a State-created bi-county agency, has been given an express statutory directive to engage in collective bargaining. This provision, Article 28, § 2-112.1, goes into great detail concerning bargaining units, elections of exclusive representatives, the subjects of collective bargaining, mediation, and the respective rights of the Park and Planning Commission and its employees. This is the norm when the General Assembly has decided to authorize binding collective bargaining.See § 16-510 of the Education Article (employees of Montgomery College); § 2-309(r)(4) and (7) of the Courts Article (civilian employees and deputy sheriffs of the Sheriff of Prince George's County); § 7-601 of the Transportation Article (certain employees of the Mass. Transit Administration). Nothing comparable exists in the Commission's enabling act.
As Mr. Zarnoch also pointed out in his 1975 advice letter, "a governmental agency may recognize an organization of employees as the spokesman for its members and discuss with that organization questions relating to wages, hours, or conditions of employment. . . ."See 59 Opinions of the Attorney General 578, 579 (1974). We are aware of no subsequent development casting doubt on that conclusion either. Hence, the Commission, in the interest of improved employer-employee relations, may engage in a "meet and confer" process, so long as the Commission avoids the aspects of binding collective bargaining that require statutory authorization.
 III Conclusion
In summary, it is our opinion that the Housing Opportunities Commission of Montgomery County does not have authority under current law to engage in binding collective bargaining.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Chief Counsel Opinions and Advice
[1] Under Article 44A, § 2-101, "Title 1 of this Article shall apply to the Housing Opportunities Commission of Montgomery County to the extent it is not inconsistent with this title."
 *Page 112