John Boyd and John Boyd Ricketts vs. Jacob Kienzle, and others.

*Contract—Construction of—Question whether an obligation entered into by several parties under seal was joint or several—Appeal.*

Twelve persons entered into the following obligation under seal:

"Whereas, P. S. is employed by the Baltimore County Brewing, Malting and Distilling Company, as the manager of said Company; and whereas, the said P. S. is employed and authorized to purchase the malt and hops for said brewery; and whereas, each of the directors of said company have agreed to become individually responsible in the sum of twenty-five hundred dollars each, for malt and hops, which the said manager shall purchase for the use of the said brewery, during the space of one year from the date hereof. Now therefore, these presents witness, that in consideration that said P. S. will undertake said authority and employment, and that dealers in hops and malt will sell to him upon the faith of this bond, we bind ourselves and each of us, our, and each of our heirs, executors and administrators, in the sum of twenty-five hundred dollars each, making in all the sum of thirty thousand dollars, for the payment of hops and malt, which the said P. S. may purchase for the use of said brewery, during the space of one year from the date thereof: and we, and each of us agree and promise, that we will pay such hops and malt bills, in total not exceeding the sum of thirty thousand dollars, or twenty-five hundred dollars each, in the manner and at the time the said P. S. shall agree to pay them."

In an action against all of said obligors jointly, it was HELD:

1st. That in the construction of said paper, as in the construction of all written instruments, the cardinal rule to be observed, was to ascertain the intention of the parties as expressed on the face of the paper.

2nd. That the said instrument construed all together and in all its parts, was a contract by which each of the obligors had bound himself severally for $2500 only.

If a question arises whether a covenant be joint or several with respect to the covenantees, that is to say, whether parties claiming the benefit of the cove-

nant must sue thereon jointly or may sue severally, regard must be had to the interests of the covenantees in the covenant.

But this rule has no application to the construction of a covenant, with respect to the obligation of the covenantors, in determining whether they are bound jointly, or jointly and severally, or severally only, and the extent of the obligation.

In the above action on appeal it was HELD:

1st. That the obligation was several and not joint, and that the action could not be sustained.

2nd. That, as it appeared that the plaintiffs had voluntarily suffered a judgment of *non pros.* and no final judgment was entered in the cause, no appeal would lie.

APPEAL from the Superior Court of Baltimore City.

The plaintiffs below sued the defendants jointly on their obligation under seal, the nature of which is stated in the opinion of the Court. Some of the defendants appeared and pleaded, "never indebted," and *non est factum.*

*Exception.*—The plaintiffs offered three prayers, which are omitted, as they were not considered by this Court. And the defendant offered the following prayer:

That the obligation sued upon in this case is a several obligation, and the plaintiffs are therefore not entitled to recover under the pleadings in this case.

The Court, (DOBBIN, J.,) rejected plaintiffs' prayers, and granted that of defendants, and upon the ground that the bond in evidence was a several and not a joint bond, directed the clerk to enter a judgment of *non pros.* as to the parties who had pleaded, and upon whose pleas issues had been joined. The plaintiffs excepted and appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER and ROBINSON, J.

*George Hawkins Williams,* for the appellants.

The true reading of the bond sued upon is, that it is an undertaking by the obligors to be responsible jointly for

the aggregate sum of $30,000, or, in the alternative, to be responsible for $2500 each, to any person entitled to sue the bond; and the $2500 is also the measure of contribution for each *inter sese*. It is impossible to read a bond containing the words, " we bind ourselves, and each of us, our, and each of our heirs, etc.," and " we and each of us, agree and promise that *we* will pay such hops and malt bills, in total, not exceeding the sum of thirty thousand dollars, or twenty-five hundred dollars each," otherwise than as a *joint undertaking* for the whole sum, and an alternative undertaking to any holder of the bond severally. It is a question of construction of words; and intention not only is best arrived at from express words, but all rules of construction bend to express words. *Keightley vs. Watson, Welsby, H. & Gordon,* 3 *Exch.*, 725; or rather, express words conclusively establish intention.

If the words be ambiguous or susceptible of two constructions, then we look to the interests of those intended to be protected by them, and construe accordingly. *Keightley vs. Watson,* 3 *Exch.*, 723.

But *quoad* covenantors or obligors, the language of severalty or joinder, and not the interest of the covenantees, is the test of the quality of the covenant. 1 *Parsons on Contracts,* note *j, marg.* 14.

Here that the words import both a joint and several contract, can admit of no doubt. *Platt on Covenants,* 2 *Law Lib., marg.* 118; *Mitchell vs. Darricott,* 3 *Brevard, S. C. Rep.,* 145; *Episcopal Church vs. Varian,* 28 *Barbour, N. Y.,* 649; *Fletcher vs Manning,* 12 *Mees. & Wels.,* 572.

These references contain the very words found in this bond.

If twelve men sign an obligation to pay money, *prima facie,* signing jointly makes it joint—and it should require most stringent words, if it was not so intended, to exclude such a construction—no such excluding phraseology is to be found in this obligation.

That the action was well brought will be seen, Art. 49, Code, vol. 1, sections 2 and 6. In fact, as section 6 says that all obligors "residing in the same county shall be sued in one action." Not only was this action well brought, but any other manner of bringing it would have been fatally defective, and the judgment below should be reversed.

*Samuel Snowden* and *Albert Ritchie*, for the appellees.

The mere fact that the obligors all joined in the execution of one paper would not make it a joint or a joint and several contract, but being by the language of the paper bound *severally*, it is the same as if each of them had executed a separate covenant on the same paper, and a joint action cannot therefore be maintained against them. *Chitty on Con.*, (11 *Ed.*,) 1354; *Mathewson's Case*, 5 *Coke*, 23 *a*; *Platt on Cov.*, 1 *Law Lib., top page* 52.

The recital uses the word *individually*, meaning thereby separately, and precluding the idea of a joint liability; and as the whole instrument is to be construed together, if there is any doubtful or indefinite expression in the condition, it would be restrained by the recital. *State vs. Wayman*, 2 *G. & J.*, 254; *Wood vs. Fulton*, 2 *H. & G.*, 71; *Strawbridge vs. B. & O. R. R.*, 14 *Md.*, 360.

The intent of the parties in binding themselves, as well as the legal intent, is fully observed by treating this paper as several obligation. *Parrish vs. State*, 14 *Md.*, 246.

And the Courts will not force them to a joint act when they have clearly expressed their intention to do a separate act. *Keightley vs. Watson, &c.*, 3 *Exch.*, 716, 724.

The plain reading of the instrument shows that they intended to be bound *in the sum of* $2500 *each*—meaning that each of them should be separately liable for the sum of $2500; and having thus manifested their intention, they must be sued separately. *Lee vs. Nixon*, 1 *A. & E.*, 201 *and* 208, (28 *E. C. L.*, 67.)

The language of the obligation; the use of the word "each;" the severance of the sum of $30,000 into the sum of $2500 each; and the use of the word "individually," shews the intention of the parties that the same should be a *several, only,* and not a *joint* or *joint and several* contract. *Fell vs. Goslin,* 7 *Exch.,* (*W. H. & G.,*) 185; *Collins vs. Prosser,* 3 *Dowling & Ryland,* 112, (16 *E. C. L.,* 146;) *Same Case,* 1 *Barn. & Cres.,* 682, (8 *E. C. L.,* 184;) *Williamson vs. Chiles,* 5 *Iredell,* (*Law,*) 244; *Parrish vs. State,* 14 *Md.,* 246.

The papers sued upon in these cases are very similar to the language of the obligation in this case, and were all held to be several and not joint contracts.

The sections of the Code referred to in the appellants' brief do not apply, as they only refer to the cases of a *joint, and joint and several* contracts, and not to a *several* contract. The rule of law which requires that where the contract is several the parties must be sued separately, is not changed or affected by these provisions of the statute law, and as this case must be governed by that rule, and therefore the judgment below was correct and should be affirmed.

BARTOL, C. J., delivered the opinion of the Court.

The only question presented by this appeal, is whether the obligation set out in the declaration, and offered in evidence, is the *joint* or the *several* undertaking of the obligors whose seals are affixed thereto.

The solution of this question depends upon the true construction of the instrument which is as follows:

"Whereas Peter Schneider is employed by the Baltimore County Brewing, Malting and Distilling Company, as the manager of said Company. And whereas the said Peter Schneider is employed and authorized to purchase the malt and hops for said Brewery. And whereas each of the Directors of said Company have agreed to become

individually responsible in the sum of twenty-five hundred dollars each, for malt and hops, which the said manager shall purchase for the use of the said Brewery, during the space of one year from the date hereof.

"Now therefore these presents witness, that in consideration that said Peter Schneider will undertake said authority and employment, and that dealers in hops and malt will sell to him upon the faith of this bond; we bind ourselves, and each of us, our and each of our heirs, executors and administrators, in the sum of twenty-five hundred dollars each, making in all the sum of thirty thousand dollars, for the payment of hops and malt which the said Peter Schneider may purchase for the use of the said Brewery during the space of one year from the date hereof; and we and each of us agree and promise, that we will pay such hops and malt bills, in total not exceeding the sum of thirty thousand dollars, or twenty-five hundred dollars each, in the manner and at the time the said Peter Schneider shall agree to pay them.

"Witness our hands and seals this the 22d day of December in the year of our Lord one thousand eight hundred and seventy-three."

This bond is signed and sealed by twelve persons who are jointly sued in this action.

In the construction of this paper, as in the construction of all written instruments, the cardinal rule to be observed is to ascertain the intention of the parties, as this is expressed on the face of the paper.

In *Chitty on Contracts, vol.* 1, 1354, the author says : "If two or more persons, who have joined together in a contract 'covenant severally' or become severally bound, it is (in the absence of express words implying a joint liability) the same as if each of the covenantors had executed a separate deed on the same paper. A joint action cannot, consequently, be maintained against the parties to such a contract, but each must be sued separately upon the sepa-

rate contract made by each. But in order to constitute a separate liability only, in those cases where several persons contract together for the performance of a particular act, the intention must be plainly apparent by express words. This intention is to be gathered from a careful consideration of the whole tenor and general intent of the contract, and not from any particular words of severalty contained in it.''

Now looking carefully at the instrument before us, and construing it all together, and in all its parts, we have had no difficulty in arriving at the conclusion, that it is a contract by which each of the obligors has bound himself severally for twenty-five hundred dollars only. The preamble recites that ''*each* of the directors of the company have agreed to become *individually* responsible in the sum of $2500 *each,* for malt and hops which the manager shall purchase.'' And in the binding part, *distributive* and not *collective* words are used ''we bind ourselves and each of us, our and each of our heirs, &c. *in the sum of* $2500 each,* making in all $30,000, &c.,'' and ''we and each of us agree and promise that we will pay such hops and malt bills, in total not exceeding the sum of $30,000, *or twenty-five hundred each,*'' &c. These words, the appellants contend, import a joint obligation, binding the parties jointly in the whole sum of $30,000; but we think it very clear, that such is not the true construction of the bond, nor according to the intent and meaning of the parties, which was in no event to be bound, except severally, and *each* in the sum of $2500 and no more.

We have examined all the authorities cited by counsel, and several others, and have found none which sustain the appellants' views. The construction of the contract in this case depends entirely upon its own terms, and very little aid can be derived from a reference to decided cases, in which the phraseology of the papers under consideration, is not identical with the one before us. We think

however the decisions in *Fell vs. Goslin,* 7 *Exch.,* 185 ; *Lee vs. Nixon,* 1 *A. & E.,* 201, (28 *E. C. L.,* 67 ;) *Collins vs. Prosser,* 1 *B. & C.,* 682, (16 *E. C. L.,* 146 ;) *Williamson vs. Chiles,* 5 *Iredell,* (*Law R.,*) 244, and *Parrish vs. The State,* 14 *Md.,* 246, are analogous to the present in many respects, and tend to support the opinion we have expressed as to the proper construction of the obligation, on which this suit is brought. If a question arises whether a covenant be joint or several with respect to the covenantees, that is to say whether parties claiming the benefit of the covenant must sue thereon jointly or may sue severally, regard must be had to the interests of the covenantees in the covenant. *Lahy, &c. vs. Holland,* 8 *Gill,* 446 ; *Jacobs vs. Davis,* 34 *Md.,* 204, 210, 211.

The cases of *Keightley vs. Watson,* 3 *Exch. R.,* 723, and *Bradburne vs. Botfield,* 14 *Mees. & W.,* 559, cited by the appellant were cases in which the question was whether the covenant was *joint* as to the *covenantees,* and the consideration of the nature of their interests in the subject-matter entered into, and formed the ground of the decision.

But this rule has no application in the construction of a covenant with respect to the obligation of the covenantors, in determining whether they are bound jointly, or jointly and severally, or severally only, and the extent of the obligation. *Platt on Cov.,* 123, 124, (3 *L. Lib.,* 55 ;) 1 *Parsons on Contracts,* 14, (*note j,*) where it is said, " The language of severalty or joinder, and not the interest, is then the test of the quality of the covenant *quoad* the covenantors. *Enys vs. Donnithorne,* 2 *Bur.,* 1190."

We think the learned Judge of the Superior Court was clearly right in construing the obligation as several and not joint, and that this action cannot be sustained.

We have considered it proper to express our opinion upon the main question, which has been fully argued by counsel, but as it appears, the plaintiff below voluntarily

suffered judgment of *non pros.*, and no final judgment was entered in the cause, no appeal lies.  See *Evans' Practice,* 314; *Graham, &c. vs. Parran, &c.,* 5 *G. & J.,* 489; *State, use of Boone vs. Bryan, &c.,* 3 *Gill,* 388, and *Kempland vs. McCauley,* 3 *T. R.,* 436.

*Appeal dismissed.*

(Decided 8th March, 1877.)