(Decided February 24th, 1897.)

---

## STATE OF MARYLAND *vs.* OLIVER WILLIAMS.

*Appeals in Criminal Cases—Question Decided Below Must Appear from the Record—Agreement of Counsel.*

Where indictment for a violation of the liquor law was quashed upon motion, and an appeal taken by the State under the Act of 1892, chap. 506, and there is nothing in the record to show the ground upon which the motion to quash was granted, the judgment will be affirmed.

While counsel may be permitted to supply by agreement matters of fact accidently omitted from the record, they cannot be allowed to agree, not only as to the questions of law decided below, but also as to the grounds of the decision of the Judge below.  The question brought to this Court for review should be clearly presented by the record.

Appeal from the Circuit Court for Calvert County.

   The cause was submitted to the Court on brief by *Harry M. Clabaugh, Attorney-General,* for the appellant.   No appearance for the appellee.

FOWLER, J., delivered the opinion of the Court.

The traverser was indicted in the Circuit Court for Calvert County for selling liquor contrary to the provisions of the local law of that county, known as the local option law.

The indictment is in the usual form and appears to be free from objection. Nor has any objection been made to or suggested based upon defects either of form or substance. But in the Court below the defendant filed a motion to quash the indictment upon the ground that there was "no sufficient law to compel him to answer the same," and that he "is not bound by the law of the land to make any answer thereto." Thereupon the learned Court below sustained the motion upon the ground, as we are informed by the record, that there was no law to compel the defendant to answer. The indictment was thereupon quashed and judgment was entered in favor of the defendant. The State has appealed.

No brief has been filed on the part of the defendant, and the case on the part of the State has been submitted on brief without argument. We are met at the threshold by what appears to us an insuperable difficulty, and one which will prevent us from considering the question which it was intended to present by this appeal. It is true that counsel, seeing the difficulty we must have in ascertaining from the record what is the precise question decided by the Court below, have attempted to remedy the deficiency in the record, by an agreement, by which it appears there was no demurrer filed below, and that a motion to quash was filed upon the ground that a certain local act of Calvert County had been repealed and re-enacted. But whether this be so or not we cannot possibly ascertain from the record. While counsel may be permitted to supply by agreement matters of fact omitted from the record, we do not think it would be proper to allow them to agree, not only as to the questions of law decided below, but also to fix by private agreement between themselves, the grounds of the decision or opinion of the Judge below. The questions brought to this

Court for review should be clearly presented by the record. But instead of fully setting forth the grounds on which the Court was asked to quash the indictment, the record does not even contain the motion, but a general statement signed by neither the defendant nor his counsel that the defendant is not bound to answer. This is a conclusion of law rather than a statement of facts. We find nothing in the record which indicates the grounds of the Court's action in quashing the indictment. This action may have been founded upon any one of several grounds. For example, if there had been a failure to comply with the law regulating the selection and summoning of the grand jury which found the indictment the traverser's motion would have been sustained. *Clare* v. *State,* 30 Md. 177; or if it had appeared that the sale of liquor mentioned in the indictment had in fact not been made within the limits of Calvert County, the indictment would have been also properly quashed. *Parrish* v. *State,* 14 Md. 238; or if the law under which the defendant was indicted had been repealed before the trial without any saving clause in the repealing law as to pending cases, the same result would have followed. *Keller* v. *State,* 12 Md. 322. In each of these cases and in others that may be imagined, it can with equal propriety be said that the motion to quash could be sustained, and that therefore by the law of the land the defendant was not bound to answer.

We may add, as we have said before, that there ought to be no difficulty in presenting questions in appeals in criminal cases if the records are prepared with care and counsel give them the proper supervision, for since the Act of 1892, ch. 506, appeals in criminal and civil cases may be taken in the same manner. Section 6 of the Act of 1785, which provides that from any judgment in any prosecution for the recovery of any penalty, fine or damages any party may appeal to the Court of Appeals is still in force, Code, sec. 2, Art. 5. It has been held, however, that the appeal allowed by this section reaches only errors apparent on the face of the record. *Salfner* v. *State,* 84 Md. 299; *Queen*

v. *State*, 5 H. & J. 232. '' Therefore, this appeal, namely, the appeal under sec. 2, Art. 5, must be taken from a judgment upon demurrer or motion in arrest, or the facts must be spread upon the record by a special verdict or special finding by the Court (*Johns* v. *State*, 55 Md. 354), or by an agreed statement of facts.'' *Gans Digest Crim. Law*, 8: But in this case, which is to be taken as an appeal under the Act of 1892, ch. 506, there is no demurrer, and therefore no admission of facts. As we have said, there are no facts set forth in the motion, or what purports to be the motion, it being ·a statement of a conclusion of law of the most general character. The motion should. have clearly and fully stated the facts upon which the defendant relied; *Wharton's Crim. Pl. and Pr.*, sec. 397, and these facts should have been spread upon the record by an agreed statement, or by a special finding by the Court. Questions. of law arise out of and depend upon facts, and in the absence of the facts upon which the judgment of the Court below was founded, we cannot entertain an appeal questioning its correctness, and the judgment appealed from will, therefore, be affirmed. *Archer* v. *State*, 45 Md. 457.

*Judgment affirmed.*

(Decided February 24th, 1897.)