MACE PRODUCE COMPANY, INC., ET AL. *v.*
STATE'S ATTORNEY FOR BALTI-
MORE CITY

[No. 371, September Term, 1967.]

504

*Decided December 3, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*Stanford G. Gann,* with whom were *Calman A. Levin* and *Levin, Gann and Hankin* on the brief, for appellants.

*S. Leonard Rottman, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Morton A. Sacks, Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City* and *George J. Helinski, Deputy State's Attorney for Baltimore City,* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

This is an appeal from an order dated November 24, 1967, of the Superior Court of Baltimore City which denied appellants' petition for return of property filed by virtue of Maryland Rule 729 b 2, the appellants' property having been seized under a search warrant.

The appellant, Mace Produce Company, Inc. (Mace), a body corporate of the State of Maryland, located at 20-22 Market Place, Baltimore City, Maryland, is and has been engaged for many years in the business of selling produce, groceries and seafood at wholesale in the City of Baltimore and its environs.

The individual appellants Freda Braunstein, Milton Braunstein and Benjamin Braunstein, are the principal stockholders and directors of the corporation and are actively engaged in the business of the corporation.

On November 17, 1967, a search and seizure warrant was issued by Judge Joseph L. Carter, of the Supreme Bench of Baltimore City. The warrant, which was supported by three affidavits executed on the previous day, commanded Detective Charles H. Scroggs, a duly constituted officer of the Baltimore City Police Department, to enter and search the premises of Mace and to seize bookkeeping day books, ledger cards or sheets for Morgan State College and the House of Correction, cash receipt books and bank deposit slips for the period beginning July 1, 1964, up to and including June 30, 1967.

Pursuant to said warrant, on November 17, 1967, at 11:20 A.M., Detective Scroggs entered the business offices of Mace and seized, according to an inventory of property taken pursuant to the warrant, the following items:

1) Nine (9) detailed account receivable "sheets" for the Maryland House of Correction and Morgan State College, beginning June 1, 1965 and ending December 2, 1966.

2) Nine (9) detailed account receivable "sheets" for the Maryland House of Correction and Morgan State College, beginning June 9, 1961 and ending December 20, 1966.

3) Nine (9) sale books or "day books" from November 23, 1965 to January 30, 1967.

4) One thousand one hundred and forty-seven (1,147) bank deposit slips from July 1964 to June 1967.

5) One (1) cash receipt book—August 1964 to June 1967.

Immediately after the seizure of the aforementioned books and records an order of court was issued by Judge Carter placing them in the possession of the Clerk of the Criminal Court of Baltimore and sealing all of the seized items pending judicial disposition of a petition intended to be filed by Mace, for suppression, exclusion or return of the seized records. On November 22, 1967, Mace filed its petition for return of prop-

erty in the Superior Court of Baltimore City pursuant to Maryland Rule 729 b 2. On November 24, 1967, a hearing on the petition was held before Judge Albert L. Sklar.

Judge Sklar, finding the appellants' challenges to the warrant to be without merit, signed an order allowing appellants to inspect and/or copy at reasonable times and places all of the records seized but denying the relief prayed for by the appellants. It is from that order that this appeal is taken.

It should be noted that at the time of Judge Sklar's order there had been no indictment or other criminal proceeding instituted against any of the appellants in connection with the seizure made in this case. However, subsequent to the appellants' appeal to this Court and the filing of their brief, the Grand Jury of Baltimore City on April 5, 1968, returned a series of indictments against the appellants and one Harry Finks Jackson, charging the parties with conspiracy to commit false pretenses, conspiracy to commit bribery, and false pretenses and bribery, over the period of July 1, 1964, to June 30, 1967, with the State of Maryland allegedly the victimized party.

On August 30, 1968, the State, pursuant to Maryland Rule 835 b 1, filed a motion to dismiss this appeal relying on Rule 729, contending that the instant appeal is tantamount to an appeal from an interlocutory order rather than from a final judgment and that criminal proceedings having been instituted against the appellants, they were free to challenge the validity of the search warrant in the criminal proceedings.

We grant the State's motion to dismiss the appeal on the ground that an appeal does not lie from the determination of a petition for return of property as provided by Maryland Rule 729.

Maryland Rule 729 b 2 provides that before an indictment, a party aggrieved by an alleged unlawful search and seizure of property may petition for the return of the property, naming the State's Attorney of the county (City of Baltimore in this case), in which the proceeding is brought, as a party defendant. However, if subsequent to the filing of the petition for the return of the seized property an indictment is returned before the hearing on the petition, Rule 729 b 3 comes into play which provides:

"Transfer of Proceeding After Indictment, Etc.

If a petition is filed pursuant to subsection 2 of this Section and if, before hearing of the petition, an indictment is filed or the petitioner is held for the action of the grand jury, the court in which the petition was filed shall not hear the petition but shall forthwith transfer it to the court of criminal trial jurisdiction which shall docket and hear it as part of the criminal proceeding."

Rule 729 b 1 provides that after an indictment or after a defendant has been held over by the grand jury, the warrant on which the property was seized for evidentiary purposes, can only be attacked in the court having criminal trial jurisdiction.

In the instant case the procedure was conducted pursuant to Maryland Rule 729 b 2, and we are of the opinion that an appeal does not lie from a determination made under this section of the Rule.

The appeal in the instant case is not from a final determination of a court of law in a civil suit or action (Code (1968 Repl. Vol.) Art. 5, § 1), or from a conviction in a criminal case (Code (1968 Repl. Vol.) Art. 5, § 12). Nor are the proceedings under Rule 729 to be confused with proceedings for the return of property held in the custody of the Superintendent of the Maryland State Police provided by Code (1964 Repl. Vol.) Art. 88B, § 17, which was the subject of discussion by this Court in *Novak v. State,* 195 Md. 56, 72 A. 2d 223 (1949). Article 88B, § 17, specifically provides that suits or actions for the return of property held by the State Police must be brought within three years from the date when such property came into custody of the State Police, by way of an action in "replevin" or "suits or actions of a similar nature." Clearly, at common law the right to appeal existed with regard to the action of replevin, and this right by virtue of Article 5 of the Declaration of Rights of the Constitution of Maryland was preserved for parties to such actions in the courts of this State.

In *Hart v. Comm. of Motor Vehicles,* 226 Md. 584, 174 A. 2d (1961) a case involving an appeal from the lower court's order denying the plaintiff's (appellant's) application for per-

mission to bring an action against the Commissioner of Motor Vehicles for personal injuries arising out of a "hit and run" accident, Horney, J., speaking for the Court said:

"Recently, in *Simpler v. State, Use of Boyd,* 223 Md. 456, 165 A. 2d 464 (1960), after pointing out that there are certain exceptions to the general rule that an appeal will lie from every judgment entered by a court of law in a civil action, and after examining in detail the pertinent provisions of the Unsatisfied Claim and Judgment Fund Law under which the lower court had acted in passing its order in that case directing payment from the 'fund' of the statutory maximum of damages plus court costs and interest from the date of the order, we had occasion to hold that the lower court was not acting pursuant to its usual and ordinary jurisdiction, but was proceeding under a special, limited and summary jurisdiction which did not exist at common law, and that, in the absence of specific statutory authority to appeal,[1] the provisions of § 1 of Article 5 (of the Code of 1957), providing that any party may appeal to this Court 'from any final judgment or determination of a court of law in any civil suit or action,' did not afford an appeal to this Court in that case." *Id.* 587.

In *Subsequent Injury Fund v. Pack,* 250 Md. 306, 309 (1968), we said: "The right to take an appeal is entirely statutory, and no person or agency may prosecute an appeal unless the right is given by statute. *Switkes v. John McShain, Inc.,* 202 Md. 340, 343, 96 A. 2d 617, 618 (1953); 2 Poe, *Pleading and Practice* (Tiffany Ed. 1925), § 826. * * *." See also *Ex Parte Abdu,* 247 U. S. 27 (1917). The proposition is succinctly stated in 4 Am.Jur.2d *Appeal and Error,* § 1 (1962):

"§ 1. Nature and Source of Right of Review. * * *

"Such review procedure is not a necessary part of a legal system, required by due process, nor is the

---

1. See Ch. 49, Laws of Maryland, 1962 which added § 177A, "Appeals," to Art. 66½, pertaining to appeals to the Court of Appeals in "Unsatisfied Claim and Judgment Fund" cases.

right of appeal an inherent or unalienable right. * * *."

The jurisdiction conferred on the circuit courts by Maryland Rule 729 to hear and determine a petition for return of property taken by virtue of a search warrant, is a special, limited and summary jurisdiction created under the Rules of Court and one that did not exist at common law. When such jurisdiction is conferred by rule, no appeal lies to this Court unless specifically provided by the rule or by statute. Rule 729 does preserve for review on appeal from the criminal proceedings, in which the search and seizure is challenged, any determination made by the lower court as to the returnability, suppression or exclusion of evidence belonging to the accused taken under the search and seizure warrant (Rule 729 c, f and g 2) ; however, such review comes only on a motion for a new trial or upon an appeal, otherwise it would be premature as an appeal from an interlocutory ruling.

It is apparent that nowhere does Rule 729 specifically provide for the contingency which now confronts us, namely, where the indictment has been returned after the determination on the hearing on the petition for return of the seized property. However, in reading Rule 729 as a whole, we are of the opinion that it intends that the situation, such as exists in the instant case, be resolved by section g 2 which provides :

"Rule 729 Search or Seizure.

* * *

"g. Binding Effect of Pre-Trial Ruling.

* * *

"2. Where Denied.

If such motion or petition is denied prior to trial of the criminal case, the pre-trial ruling shall be binding at the trial unless the trial judge, in the exercise of his discretion grants a hearing *de novo* on the defendant's renewal of his motion or objection. A pre-trial ruling, denying a motion or petition to suppress, exclude or return property seized, shall in any event be reviewable on appeal to the appropriate appellate court or on a hearing on a motion for a new trial."

It may be argued that the term "pre-trial ruling" as used in Rule 729 g 2 refers to a "pre-trial ruling" in the criminal case arising from the indictment and not to a previous hearing held on the petition filed in a civil action to determine the returnability of property seized under the search warrant. However, we think that such a restricted interpretation of the term "pre-trial ruling" would be imposing an artificial limitation on the purposes and objects sought to be accomplished by Rule 729. Certainly one can reconcile the application of the term "pre-trial ruling" to a previous determination made in the civil action concerning the returnability of evidence seized under the warrant, from which search and seizure the criminal action also emanates, without doing violence to the language employed in the several sections of the rule or to the intent of the rule. We think it was intended by Rule 729 to provide a means whereby the determination of the returnability of property seized under a search warrant may be determined, whether the hearing on this matter were to be held after a petition for the return of property was filed but before the indictment or, where the indictment is filed after the determination on the petition or where the petition for the return of property is filed after the indictment. All are contingencies germane to the central issue of the returnability, suppression or exclusion of the evidence seized under the search warrant. Certainly it was not intended that a hiatus should occur in the situation with which we are now presented. We think the only sensible and logical interpretation to be given Rule 729, is that considering the rule as a whole and the cumulative effect of its various sections, a "pre-trial ruling" as used in Rule 729 g 2 embraces a determination made on a petition for the return of property seized under the warrant as provided in Rule 729 b 2. In *Balto. Transit v. Mezzanotti*, 227 Md. 8, 174 A. 2d 768 (1961) in interpreting our discovery rules, we said:

> "We do not think the contention deserves lengthy discussion. It is true that the wording of Rule 819 is general in its terms and does not, itself, place any limitation on the terms 'any previous interlocutory order'; but it is equally true that statutes relating to the same subject matter will be construed, when possible, so as

> to harmonize with each other, and not produce unreasonable or foolish results, and the same rules of construction, we think, apply to the Maryland Rules. * * *." *Id.* 19.

It is true that in *Mezzanotti*, we were concerned with different rules relating to the same general subject matter, whereas, in the instant case we are dealing with separate sections of the same rule, all of which are germane to the same subject matter. We think the mandate that the court endeavor to "harmonize" different rules dealing with the same subject matter applies with equal force to the various sections of the same rule.

Accordingly, the construction we have placed on a "pre-trial ruling," with the proper application of Rule 729 b 2 in conjunction with Rule 729 g 2, under the facts of this case, will preserve the question of the returnability, suppression or exclusion of the evidence taken under the search warrant for review on appeal.

> *Motion to dismiss granted, appellants to pay costs.*