## CHARLIE BLAKE PEARCE *v.* STATE OF MARYLAND

[Nos. 434, 435, 436, September Term, 1969.]

*Decided January 23, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert C. Heeney* for appellant.

*Francis B. Burch, Attorney General,* and *William A. Linthicum, State's Attorney for Montgomery County,* for appellee.

PER CURIAM.

From the denial of his pretrial motion in each case "To Dismiss Search Warrant and Suppress Evidence Illegally Seized Thereunder," Pearce immediately appealed to this court. His motion was based on the proposition that the search warrant was issued without probable cause and hence in contravention of the Fourth Amendment to the federal constitution. He contends that the ruling of the lower court denied him an absolute constitutional right and, consequently, is immediately review-

478

able on appeal. The State moved to dismiss the appeals on the ground that the order appealed from is an interlocutory one, and, not constituting a final judgment, is not immediately reviewable on appeal. We flatly held in *Harris v. State,* 6 Md. App. 7, that denial of a pretrial motion to suppress evidence filed under Maryland Rule 729 was an interlocutory ruling from which an immediate appeal would not lie. Our reasons for so concluding have been set out in detail in *Raimondi v. State,* 8 Md. App. 468 (1970). See also *Mace Produce v. State's Attorney,* 251 Md. 503, and *State v. Mather,* 7 Md. App. 549.

> *Appeals dismissed; costs to be paid by appellant; the mandate of this court to issue forthwith.*