STATE OF MARYLAND *v.* ARTHUR JOSEPH DENISIO, THELMA DENISIO AND ALBERT CARMEN ISELLA, SR.

[No. 891, September Term, 1973.]

*Decided April 25, 1974.*

The cause was argued before ORTH, C. J., and MOORE, J., and HOWARD S. CHASANOW, Associate Judge of the District Court of Maryland for District 8, specially assigned.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County, Charles Ruppersberger* and *Joseph Laverghetta, Assistant State's Attorneys for Baltimore County,* on the brief, for appellant.

*Russell J. White,* with whom was *Robert N. Dugan* on the brief, for appellees.

ORTH, C. J., delivered the opinion of the Court.

On 25 September 1972 a Commissioner of the District Court of Maryland issued twenty-nine arrest warrants on the sworn application of Corporal Paul A. Gillan of the Maryland State Police, charging divers violations of the gaming and lottery laws and conspiracy to commit them at various times during the period 10 August through 25 September 1972. Eighteen of the warrants commanded the arrest of ARTHUR JOSEPH DENISIO; seven of them commanded the arrest of THELMA DENISIO; four of them commanded the arrest of ALBERT CARMEN ISELLA, SR. The warrants were duly executed, and the actions were set for trial in the District Court of Maryland, District No. 8.

See Courts and Judicial Proceedings Article (Courts Art.) § 4-301; Code, Art. 27, §§ 38, 240, 362. The accused filed motions to suppress all evidence obtained "as a result of electronic interception or eavesdropping upon wire or oral communications in which they were participants, or telephone lines in which they had a proprietary or pecuniary interest, and to prohibit the introduction of any of the aforesaid interceptions or any of the fruits thereof, as evidence against them." They claimed that the communications were unlawfully intercepted, asserting that the order of authorization under the authority of which the interceptions were made was "insufficient on its face", and that, in any event, the interceptions were not made in conformity with the order.

The motions to suppress were heard on 13 March 1973 as a matter preliminary to trial. Disposition was held *sub curia.* On 7 June the motions were again argued, and disposition was again held in abeyance. On 21 June the District Court judge informed counsel by letter that he was granting the motions to suppress the evidence. On 3 July the State requested the court to reconsider its decision, noting that it had no evidence other than that obtained by the wiretaps. The matter was reargued on 28 September and the court indicated that its grant of the motion would stand. On 25 October the State filed a "Petition to Dismiss Statement of Charges". Feeling that the determination to suppress the evidence involved "an area of extreme import and the controversy should not be left unresolved at the District Court level" and alleging that "a unique point of law" was involved, representing "a case of first impression in Maryland and must be settled and laid to rest by our appellate courts to avoid future conflicts such as the one presented to [the District Court]" and claiming that appellate consideration would benefit and aid "the various law enforcement agencies in the State of Maryland", directing them "to correct procedures", if the ruling was affirmed, the State requested the court to dismiss the arrest warrants because such action was "the only procedural avenue in which the State would be able to take a proper

appeal . . . ." [1] By order of 9 November 1973 the District Court, affirming its grant of the motion to suppress the evidence, dismissed "all charges and counts" against each of the accused. On 7 December 1973 the State noted an appeal to the Court of Special Appeals of Maryland.[2] On 8 February 1974 appellees moved to dismiss the appeal and the State answered on 22 February. Briefs were submitted and the matter argued on 29 March pursuant to an order of this Court of 28 February.

Despite the overwhelming desirability of appellate review in the circumstances, not only with respect to the instant case, but for the future guidance of the lower courts and enforcement authorities, the propriety of the ruling of the District Court may not be scrutinized by the appellate courts of this State. The appellate jurisdiction of this Court is statutory, and the appeal sought here has no statutory authority.

The desperate attempts by the State to preserve the matter for appeal would have been obviated initially had the Maryland District Rules been observed. M.D. Rule 725 b provides: "A motion before trial raising defenses or objections shall be determined at the trial of the general issue." We deem this to be mandatory, prohibiting the determination of motions raising defenses and objections preliminary to the trial on the general issue. Our view is supported by the language of the Rule,[3] by the general purposes of and the more abbreviated procedures provided for the District Court, and by the absence of Maryland District rules containing provisions comparable to those in

---

**1.** The court's ruling was bottomed on the more restrictive aspects of the Maryland law relating to the admission of evidence obtained by wiretapping as compared to the federal law. See Courts Art. 10-406. The position of the State was that the federal law preempted the State law with respect to the admission of such evidence.

**2.** On the same date the State also filed a "Petition for Writ of Certiorari to the Court of Special Appeals", but this was withdrawn by it on 7 January 1974. See Courts Art. § 12-305.

**3.** The Revisor's Manual, 2d ed., 1973, of the Governor's Commission to Revise the Annotated Code of Maryland, states, p. 53: " 'Shall' denotes a mandate or requirement. When a specific duty is imposed on an individual or agency, 'shall' should be used."

Maryland Rules 725d and 729.[4] Had the motion to suppress been determined at the trial of the general issue, the grant of it, resulting in the exclusion of the only evidence which, apparently, was available to the State to prove the charges, would have led inevitably to verdicts of acquittal, proscribing an appeal by the State in any event, and barring, under the constitutional prohibition against double jeopardy, another trial on the charges.

The prohibition against an appeal by the State in the circumstances here, however, is even more fundamental. As we have indicated, there is simply no authority for it, and this Court is without jurisdiction to entertain it. The State is given no right of appeal whatsoever from a decision of the District Court in the exercise of its jurisdiction in a criminal cause.

Title 12 of the Courts and Judicial Proceedings Article [5] dealing with appeals, certiorari, and certification of questions, carefully distinguishes between review of decisions of trial courts of general jurisdiction, which it places under subtitle 3, and review of decisions of the District Court, which it places under subtitle 4. There is no question but that the provisions of subtitle 3 apply only to trial courts of general jurisdiction, and that the provisions of subtitle 4 apply only to the District Court. Generally, only a defendant may appeal from judgment entered in a criminal case by a circuit court,[6] and only when the judgment is a final one, Courts Art. § 12-301.

4. Maryland Rules 725d and 729, applicable to the circuit court in any county and to those courts comprising the Supreme Bench of Baltimore City, expressly permit, and in some circumstances require, certain motions to be determined as a preliminary matter.

5. Chapter 2, Acts 1973, First Extraordinary Session of the General Assembly of Maryland repealed the provisions of the Annotated Code of Maryland dealing with courts and the judiciary and re-enacted them with revisions to be codified as Courts and Judicial Proceedings Article. The laws as re-enacted made, in large measure, only stylistic revisions and those in which substance appears were, in general, not changes of a major nature. Section 18 of Chapter 2 provided that "except as expressly provided to the contrary . . . the Courts and Judicial Proceedings Article shall apply to all proceedings commenced after December 31, 1973, and, so far as practicable, to all proceedings then pending."

6. "Circuit Court" within the purview of Title 12 means the circuit court for a county and the individual courts comprising the Supreme Bench of Baltimore City. Courts Art. § 12-101 (d).

There is one exception to this general rule concerning a circuit court, and it is expressly limited. Courts Art. § 12-302 (c) provides: "In a criminal case, the state may appeal only from a final judgment granting a motion to dismiss or quashing or dismissing any indictment, information, presentment, or inquisition in a criminal case." No such exception appears in subtitle 4 with respect to the District Court. Courts Art. § 12-401 makes clear at the onset that, although *a party* may appeal in a civil case, it is *"the defendant* in a criminal case" who may appeal from a final judgment entered in the District Court. Beyond the shadow of a doubt, the Legislature intended that the State have no right to appeal from a decision of the District Court in a criminal cause properly before it.[7]

The State agrees that under Courts Art. § 12-401 (a) only a defendant in a criminal case may appeal from a final judgment entered in the District Court. It concedes: "Under subtitle 4 [of Title 12] the State appears to have no right to an appeal in a criminal case." It would, however, have Courts Art. § 12-302 (c) apply, on the ground that we have said, in discussing comparable language contained in former § 14 of Art. 5 of the Code, that the statute means precisely what it says. See *State v. Lohss and Sprenkle, supra,* citing *State v. Hunter,* 10 Md. App. 300. We have no hesitation in stating again that the statute means precisely what it says, but it is patent that it is talking not to the District Court but to a circuit court. The State argues that as Courts Art. § 12-302 (c) concerns indictments, and as indictment is defined by Md. Rule 702a includes a charging document under M.D. Rule 702, and as in M.D. Rule 702a, charging document encompasses an arrest warrant, therefore, § 12-302 (c) applies to the dismissal by the District Court of an arrest warrant. In support of this tenuous argument it "submits

---

7. We observe that even where an appeal from a final judgment of the District Court is authorized, it is not to the Court of Special Appeals of Maryland, but to a circuit court. Courts Art. § 12-403. See Courts Art. §§ 12-302 (a), 12-305 and 12-308.

*State v. Lohss and Sprenkle,* 19 Md. App. 489, is not apposite. It concerned an appeal by the State from a final judgment of a circuit court dismissing an indictment.

that there is nothing in the language of the statute to indicate that the Legislature intended to exclude from the State the right to an appeal from any order dismissing an indictment or order in which the dismissal was predicated upon the grant of a motion to suppress evidence at the District Court level." It strenuously contends that "it is inconsistent to allow the State the right to an appeal from a final order dismissing charges against an accused at the Circuit Court level and not at the District Court level." Inconsistent it may be, but such is the clear Legislative scheme of appellate review in criminal cases at the instance of the State on the face of Courts Art., Title 12, subtitles 3 and 4.

We hold that the Court of Special Appeals of Maryland is without jurisdiction to entertain the appeal noted by the State in this case. Therefore, the motion to dismiss the appeal is granted and the appeal is dismissed.

*Motion to dismiss appeal granted: appeal dismissed; costs to be paid by Baltimore County.*