LOHSS AND SPRENKLE v. STATE OF MARYLAND

[No. 297, September Term, 1973.]

*Decided June 27, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Theodore G. Bloom,* with whom were *Albert J. Goodman* and *Goodman & Bloom* on the brief, for Donald M. Sprenkle, Jr., one of appellants. *Joseph H. Rouse, Assistant Public Defender,* for Lawrence H. Lohss, other appellant.

*James G. Klair, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court. MURPHY, C. J., dissents and filed a dissenting opinion at page 120 *infra.*

The question presented in these two cases is whether the State has a right of appeal from the dismissal of indictments by the circuit court where the State acquiesced in one case and moved for dismissal in the other. The Court of Special Appeals held that it did in *State v. Lohss and Sprenkle,* 19 Md. App. 489, 313 A. 2d 87 (1973), and also decided that the trial court had erred in granting motions to suppress certain key evidence which led directly to the dismissals. We granted appellants' petitions for writs of certiorari in order that we might review the correctness of those decisions. We reverse because we have concluded that the Court of Special Appeals lacked jurisdiction to entertain the State's appeal, but, unlike that court, we shall not reach the trial court's ruling on the motions to suppress.

In the waning moments of August 31, 1972, appellant, Sprenkle, disembarked from a plane at Friendship International Airport, which he had boarded at Dallas, Texas after commencing his travels at Austin earlier that evening. He was met at the airport by appellant, Lohss, and a young lady with a small child. This seemingly happy reunion was marred by the arrival of several members of the Maryland State Police who, in addition to also greeting Sprenkle, promptly relieved him of his luggage consisting of three suitcases. The contents disgorged by a search of the luggage led to the indictment of appellants, and became the object of their motions to suppress.

The motions came on for hearing before Judge Wray of the Circuit Court for Anne Arundel County. After receiving extensive testimony concerning the events preceding and culminating in the seizure of the suitcases, he granted the motions, ruling that the "search was illegal," and thereby foreclosed the State "from introducing into evidence the contents of the suitcases taken from [appellants]." As we do not reach the correctness of that decision, it is unnecessary for us to dwell upon the reasons which produced that result. They are detailed in the opinion of the Court of Special Appeals.

Shortly after the circuit court ruling, appellant, Lohss, filed a motion to dismiss the indictment in which he alleged that ". . . the State has no admissible evidence to support the charges contained in the indictment . . . ." After communicating with the prosecuting attorney and formally noting that he "concede[d]" and had "no objection," the trial court passed an order dismissing the indictment as to Lohss. Later, after an intervening skirmish, the State filed a motion to dismiss the indictment as to Sprenkle, in which it alleged "[t]hat without the said suppressed evidence the State is unable to present any facts to support the charges contained in the above referenced indictment and has no means of obtaining further evidence." There being no objection by Sprenkle, the trial court ordered that the indictment be dismissed as to him. It is upon the appeals which the State took from those two orders that we focus our attention.[1]

The Court of Special Appeals rested its decision on an interpretation of Maryland Code (1957, 1968 Repl. Vol.) Art. 5, § 14, then applicable to this case, which has now been recodified, in essentially the same language, as Code (1974), § 12-302 (c) of the Courts and Judicial Proceedings Article. Article 5, § 14 provided:

---

1. As we have noted, the indictment was dismissed in one instance upon motion of the accused, with the State's acquiescence, and in the other at the behest of the State itself. We perceive no material difference in the two courses; for purposes of deciding the issue before us, each imports voluntary agreement with the action taken by the trial court.

> "The State may appeal to the Court of Special
> Appeals from a final order or judgment *granting a
> motion to dismiss,* or quashing or *dismissing any
> indictment,* information, presentment or inqui-
> sition in a criminal action, but the State shall
> have no right of appeal in any criminal action
> where the defendant has been tried and acquitted."
> (emphasis added).

Construing this language to mean that "the State may appeal . . . from the dismissal of an indictment irrespective of the reasons motivating such dismissal," and finding "nothing in the unambiguous language of the statute to indicate that the Legislature intended to exclude from the right of the State to appeal from any order dismissing an indictment, an order in which the dismissal was predicated upon the grant[ing] of a motion to suppress evidence," the Court of Special Appeals held that its jurisdiction was unaffected "by who initiates the order of dismissal," 19 Md. App. at 493-94; and further held that it possessed jurisdiction to entertain the appeal.

Our consideration of the question presented here necessarily commences with a recognition of the principle that in Maryland, appellate jurisdiction is dependent upon a statutory grant of power, *Mace Produce v. State's Attorney,* 251 Md. 503, 508-09, 248 A. 2d 346 (1968); *Subsequent Injury Fund v. Pack,* 250 Md. 306, 309, 242 A. 2d 506 (1968); *Switkes v. John McShain,* 202 Md. 340, 343, 96 A. 2d 617 (1953); *Johnson v. Board of Zoning Appeals,* 196 Md. 400, 406-07, 76 A. 2d 736 (1950); *State v. North. Cent. Railway Co.,* 18 Md. 193, 210 (1862); *see Insurance Comm'r v. Allstate Ins.,* 268 Md. 428, 444-45, 302 A. 2d 200 (1973); this is no less true, of course, in criminal cases, *State v. Denisio,* 21 Md. App. 159, 318 A. 2d 559 (1974); *Neal v. State,* 20 Md. App. 20, 22, 314 A. 2d 710 (1974); *State v. Mather,* 7 Md. App. 549, 552, 256 A. 2d 532 (1969); *see State v. Adams,* 196 Md. 341, 351, 76 A. 2d 575 (1950).

Not since the enactment in 1957 of Art. 5, § 14, in its original form, have we had occasion to consider the question whether the State has a right to appeal from the granting of

a motion to suppress evidence. The Court of Special Appeals, however, has flatly held that it does not. *State v. Lohss and Sprenkle, supra,* 19 Md. App. at 496; *State v. Graziano, et al.,* 17 Md. App. 276, 284, 301 A. 2d 36 (1973); *State v. Siegel,* 13 Md. App. 444, 470-471, 285 A. 2d 671 (1971) *aff'd on other grounds,* 266 Md. 256, 292 A. 2d 86 (1972); *State v. Mather,* 7 Md. App. 549, 552-53, 256 A. 2d 532 (1969); *State v. Campbell and Reeves,* 7 Md. App. 538, 542, 256 A. 2d 537 (1969); *see Pearce v. State,* 8 Md. App. 477, 478, 261 A. 2d 39 (1970); and *Harris v. State,* 6 Md. App. 7, 19, 249 A. 2d 723 (1969), *cert. denied,* 255 Md. 741 (1969). In *State v. Barshack,* 197 Md. 543, 80 A. 2d 32 (1951) and *State v. Adams, supra,* both decided prior to the enactment of § 14, we held that the State's common law right of appeal did not afford it the right to appellate review of the granting of either a motion to suppress illegally seized evidence or a motion to quash a search warrant. *Cf. State v. Rosen,* 181 Md. 167, 28 A. 2d 829 (1942).

In *Adams, supra,* Judge Markell, for the Court, concluded his scholarly summary of the common law right of appeal in criminal cases by stating that "[i]f a broader right of review is necessary in the interest of criminal justice, it must be granted by the legislature," 196 Md. at 351. The same statement was quoted with approval in *Barshack, supra,* where we dismissed an appeal from the granting of a motion to quash a search warrant. The rationale for that holding was succinctly stated: "The granting of the motion [to quash] was no more final than would be any other ruling excluding testimony at a trial." 197 Md. at 544. We agree with the observation by then Chief Judge Murphy, for the Court of Special Appeals, in *State v. Mather, supra,* 7 Md. App. at 552, ". . . that the Legislature, in enacting Section 14, did not grant the 'broader right of review' mentioned in *Adams,* but, on the contrary, limited the scope of the State's right to appeal to final orders or judgments granting a motion to dismiss or quashing the indictment." In any event, we regard it as well-settled that the State has no right of appeal from the granting of a motion to suppress evidence alleged to have been obtained as the result of an unlawful search and seizure.

The State readily concedes that its appeal from the circuit court was merely a "vehicle" for obtaining review of the trial judge's ruling on the motions to suppress. Nevertheless, it clings to the argument — successfully maintained in the Court of Special Appeals — that its appeal was ". . . from a final order or judgment granting a motion to dismiss . . ." the indictment. To be sure, as the Court of Special Appeals noted, if that court did possess jurisdiction under § 14, it could properly review the trial court ruling on the pretrial motion to suppress to the same extent that it might have reached any other interlocutory order under Maryland Rule 1087.

The question presented here, therefore, is whether this was an appeal ". . . from a final order or judgment granting a motion to dismiss, or quashing or dismissing any indictment, . . ." within the meaning of Art. 5, § 14; and, even if it were, whether the State was precluded from prosecuting its appeal by having effectively agreed to one dismissal and having initiated the other. In the view we take of this case, it becomes unnecessary for us to decide the first part of the question, since we think the State was barred from appealing even if we assume *arguendo* that this was a dismissal within the contemplation of § 14.

As we see it, the State is in the anomalous position of appealing from two orders to which it consented. In civil cases this Court has adhered to the rule that, to have standing for maintaining an appeal, one must be aggrieved by the decision from which the appeal is taken, *Adm'r, Motor Veh. Adm. v. Vogt,* 267 Md. 660, 664, 299 A. 2d 1 (1973); *Riley v. Naylor,* 179 Md. 1, 8, 16 A. 2d 857 (1940); *Buchwald v. Buchwald,* 175 Md. 103, 114-15, 199 A. 795 (1938); *Patterson v. Gelston,* 23 Md. 432, 446 (1865). For example, no appeal lies from a consent decree, *Mercantile Trust Co. v. Schloss,* 165 Md. 18, 24, 166 A. 599 (1933); *see Rocks v. Brosius,* 241 Md. 612, 630, 217 A. 2d 531 (1966); or from a *non pros, Boyd v. Kienzle,* 46 Md. 294, 301-02 (1877). Moreover, the right of appeal may be lost by waiver or estoppel when there is acquiescence or recognition in the validity of the decision from which the appeal is taken or by

otherwise taking a position inconsistent with the right of appeal, *see Rocks v. Brosius, supra,* 241 Md. at 630. Nor can one appeal from a judgment or order where the relief he prays for is granted. *Adm'r, Motor Veh. Adm. v. Vogt, supra; Wright v. Baker,* 197 Md. 315, 318, 79 A. 2d 159 (1951); *Mugford v. City of Baltimore,* 185 Md. 266, 269, 44 A. 2d 745, 162 A.L.R. 1101 (1945).

We perceive no reason why these principles should not apply with equal vigor to appeals taken by the State in criminal cases. In essence, by agreeing to the dismissals of the two indictments, the State has simply abandoned their prosecution, since it candidly recognized that it could not proceed without the suppressed evidence. It concedes, as indeed it must, that had it entered a *nolle pros* in each case, there could have been no appeal.

There is yet another reason why the State was precluded from appealing in these cases. In our view, it was barred by Rule 1085, which governs the scope of review by the Court of Special Appeals. That the State is subject to the confines of that Rule, as well as its counterpart applicable in this Court, Rule 885, cannot be questioned. *See State v. Darling,* 130 Md. 251, 100 A. 91 (1917) and *State v. Williams,* 85 Md. 231, 36 A. 823 (1897), in which appeals by the State were dismissed where the record contained an absence of necessary facts. Under these rules and their predecessors, when a party has the option of objecting, his failure to do so while it is still within the power of the trial court to correct the error is regarded as a waiver estopping him from obtaining a review of the point or question on appeal, *Phil J. Corporation v. Markle,* 249 Md. 718, 725-26, 241 A. 2d 718 (1968); *Hamilton v. State,* 225 Md. 302, 309, 170 A. 2d 192 (1961); *Basoff v. State,* 208 Md. 643, 650, 119 A. 2d 917 (1956); *Banks v. State,* 203 Md. 488, 495, 102 A. 2d 267 (1954); *see Brice v. State,* 254 Md. 655, 661-62, 255 A. 2d 28 (1969) and *Martelly v. State,* 230 Md. 341, 345, 187 A. 2d 105 (1963), where waiver was found because the defendant not only failed to object, but specifically stated that he had no objection to the introduction of certain evidence.

The State acknowledges that the dismissals — and the

effort to appeal therefrom — were merely a gambit for circumventing the denial of the State's right to appeal from the granting of a motion to suppress. If we were to countenance this effort, we would be in the position of supplying judicially an omission in the statute which, at this point, must be regarded as having been deliberately made by the Legislature, *Patapsco Trailer Service & Sales, Inc. v. Eastern Freightways, Inc.*, 271 Md. 558, 318 A. 2d 817, 820 (1974); *Radio Com., Inc. v. Public Serv. Comm'n*, 271 Md. 82, 94, 314 A. 2d 118 (1974). We can only reject this attempt with the concluding sentence, mentioned earlier, in *Adams, supra*, 196 Md. at 351, quoted again in *Barshack, supra*, and echoed still later by the Court of Special Appeals itself in *State v. Mather, supra*, 7 Md. App. at 552: "If a broader right of review is necessary in the interest of criminal justice, it must be granted by the legislature."

> *Judgment of Court of Special Appeals reversed; remanded for dismissal of State's appeals; costs to be paid by Anne Arundel County.*

*Murphy, C. J. dissenting:*

Maryland Code Article 5, § 14 (now § 12-302(c) of the Courts and Judicial Proceedings Article) affords the State an unqualified right to appeal in criminal cases "from a final order or judgment granting a motion to dismiss, or ... dismissing any indictment . . . ." In his opinion for the Court of Special Appeals, Chief Judge Orth cogently observed that the language of the statute "means precisely what it says"; that it constituted a plain legislative mandate permitting the State a limited right to appeal from the dismissal of an indictment irrespective of the reasons motivating the dismissal and without regard to which party initiates the order of dismissal. Judge Orth said for the court:

> "The dismissal is at the sound discretion of the trial court, and whether the dismissal is suggested or proposed or urged or formally moved by the

accused or by the State, or is accomplished by the *sua sponte* action of the court is not material to our jurisdiction or to the State's right to appeal. As we have indicated, the statute flatly gives the State the right to appeal 'from a final order or judgment granting a motion to dismiss, or quashing or dismissing any indictment', the *only* exception being where 'the defendant has been tried and acquitted.' We adhere to our expressed belief that the statute means precisely what it says."
19 Md. App. at 494.

I, of course, recognize the principle that ordinarily a party has no standing to appeal from an order to which it consented. But there is nothing in the record in this case to even remotely suggest that the State consented to the dismissal of Lohss' indictment. On the contrary, when Lohss' motion to dismiss was granted by the trial judge, the State simply exercised its express right under § 14 to appeal the legality of that dismissal; that the State now candidly admits that it utilized the dismissal order as the only means to obtain appellate review of the lower court's obviously incorrect conclusion that the search and seizure were illegal does not indicate agreement or acquiescence on the State's part in the indictment's dismissal.

Since the appeal was properly taken in Lohss' case from a final judgment, all interlocutory orders, including the propriety of granting the motion to suppress the evidence, were open to review in the Court of Special Appeals under Maryland Rule 1087, which provides:

"On an appeal from a final judgment, every interlocutory order which has previously been entered in the action shall be open to review by this Court unless an appeal has theretofore been taken from such interlocutory order and has been decided on the merits by this Court."

As Chief Judge Orth said for the court:

"It is true that the Court of Appeals and this Court

have said that if the denial of a motion to suppress evidence is to be appealable, it must be granted by the Legislature. *State v. Adams,* 196 Md. 341, 351; *State v. Barshack,* 197 Md. 543, 545; *State v. Mather, supra,* at 554. But the statement was made in the frame of reference of an appeal from an interlocutory order standing alone. Although the Legislature has not responded by bestowing the right of appeal to an interlocutory order, standing alone, which grants a motion to suppress the evidence, it has evidenced its satisfaction with the present status of the law, permitting review of the interlocutory order after final judgment, by not changing it."

19 Md. App. at 496.

The majority concludes that the State was, in any event, barred by Rule 1085 from appealing because it did not formally object to the dismissals. Beyond question, the State's objection to the action of the trial judge in dismissing Lohss' indictment was manifest; it was plainly the thrust of the State's position that the indictments were not defective and that it should be permitted to proceed to trial on the merits. To conclude that the State "effectively agreed" to the destruction of its case by consenting to, or acquiescing in the dismissals, is to exalt form over substance and to strain hard to create an artificial impediment to the fair exercise of the State's limited statutory right to appeal.

The State's appeal from the dismissal of Sprenkle's indictment, while resting on a foundation less firm than that involved in the Lohss case, is not fundamentally different when viewed in the context of the proceedings. In no real sense did the State consent to the dismissal of Sprenkle's indictment, and that it initiated the motion cannot, *in the circumstances of this case,* be deemed the equivalent of consent or agreement to the action of the trial judge in dismissing the indictment.