## JOHN ALAN LANGWORTHY *v.* STATE OF MARYLAND

[No. 848, September Term, 1977.]

*Decided June 12, 1978.*

The cause was argued before MOYLAN, DAVIDSON and MELVIN, JJ.

*Michael S. Elder, Assigned Public Defender,* for appellant.

*Stephen B. Caplis, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Richard Arnold, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

Notwithstanding a plethora of at least nine sub-issues raised by the appellant, John Alan Langworthy, in a 40-page brief, answered upon the merits by the State in some 14 pages and reargued by the appellant in a reply brief of 17 pages, we feel compelled to decide this case on a ground not remotely alluded to by either appellant or appellee. We hold that a

defendant, except under rare circumstances not here apposite, has no right to take an appeal from an acquittal. Judge William H. McCullough, sitting without a jury in the Circuit Court for Prince George's County, tried the appellant and found him not guilty by reason of insanity.

Chapter 399 of the Acts of 1957 repealed all prior statutes regulating the right of appeal in criminal cases and enacted in lieu thereof a number of new provisions relating thereto. *State v. Mather,* 7 Md. App. 549, 551, 256 A. 2d 532. As Judge Levine pointed out for the Court of Appeals in *Lohss and Sprenkle v. State,* 272 Md. 113, 116, 321 A. 2d 534:

> "Our consideration of the question presented here necessarily commences with a recognition of the principle that in Maryland, appellate jurisdiction is dependent upon a statutory grant of power.... this is no less true, of course, in criminal cases...." (Citations omitted)

See also *State v. Adams,* 196 Md. 341, 351, 76 A. 2d 575; *State v. Denisio,* 21 Md. App. 159, 318 A. 2d 559.

In terms of the statutory grant, the Annotated Code of Maryland, Courts and Judicial Proceedings Article, § 12-301, provides in pertinent part:

> "Except as provided in § 12-302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court.... In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."

It is axiomatic that a party in whose favor judgment was rendered cannot appeal. *Coates v. Mackey,* 56 Md. 416; *Mugford v. Baltimore,* 185 Md. 266, 44 A. 2d 745; *Wright v. Baker,* 197 Md. 315, 79 A. 2d 159; *Administrator, Motor Vehicle Administration v. Vogt,* 267 Md. 660, 299 A. 2d 1. As the Court of Appeals said in *Mugford,* at 185 Md. 269:

> "It needs no authorities to support the proposition that one cannot appeal from a decree wherein the relief he prays for has been granted."

To be sure, a verdict of not guilty by reason of insanity differs in some respects in character from some verdicts of simply not guilty. A consummated crime requires the coming together of a guilty mind and a guilty act. Many verdicts of not guilty result from the failure of the State to prove the guilty act — the *actus reus.* In many others, however, by no means limited to cases involving a successful insanity defense, the verdict results from the failure of the State to prove the guilty mind — the *mens rea.* In the eyes of the law, both results are the same. There is no crime. The negation of the *mens rea* may take myriad forms — a justifiable homicide in self-defense or an excusable homicide by accident, notwithstanding clear homicidal agency; duress, entrapment, mistake of fact, insanity, even voluntary intoxication with respect to certain specific intent crimes. Whether a defendant wins because of the failure of the State to prove the *actus reus,* the criminal agency or the *mens rea,* he has won an acquittal in the eyes of the criminal law.

We are not unmindful of *Morris v. State,* 11 Md. App. 18, 272 A. 2d 663, but find that case readily distinguishable. Its peculiar facts virtually reduce it to a case *sui generis.* In that case, to be sure, this Court, speaking through Judge Orth, permitted an appeal from a final judgment of not guilty by reason of insanity. The critical point on which that opinion turned, however, was the absolute failure to give the defendant there the trial upon the merits which he sought. Although he had entered a general plea of not guilty and a plea of not guilty by reason of insanity, he strenuously maintained his innocence and sought an opportunity to prove it. The State in that case absolutely foreclosed a trial upon the merits by confessing to a verdict of not guilty by reason of insanity. His adamant opposition to this foreclosing procedure was pointed out in our opinion, at 11 Md. App. 21:

"[H]e opposed, in a writing duly filed, 'any action by the court in entering a judgment of not guilty by reason of insanity until such time as it should appear, beyond a reasonable doubt that there was, in fact, a crime committed.' He asserted, 'the plea as suggested by the State, presupposes guilt on the

Defendant and such is properly not the case.' He stated that he was, 'in fact, not guilty of the offenses charged and until such time as the State should prove beyond a reasonable doubt that he is guilty of the charge of the offense of rape, the State could not, nor could the Defendant, properly seek to enter a finding of not guilty by reason of insanity without a trial.' He pointed out, 'While it is apparent that the Defendant was mentally ill, at the time in question, nowhere does it appear that this claim of rape took place and the evidence may indicate to the contrary.' "

In reaching our decision that the defendant there had been denied due process, we stressed the critical nature of having denied him an opportunity to show his innocence, saying at 11 Md. App. 25-26:

"To submit an accused to such commitment stemming upon a charge that he committed a crime and authorized upon a finding that he was not guilty thereof by reason of insanity without a trial at which the State produces evidence sufficient in law to show that the crime charged was committed and the accused, if sane, committed it, *Williams v. State,* 5 Md. App. 450, violates the presumption that he is innocent until proved guilty which is the heart of our judicial process and denies him due process of law. . . . [H]ere it is clear that appellant did not waive a trial. He demanded it below and challenged the action of the court in accepting the State's confession of not guilty by reason of insanity.

We believe, in the circumstances, that appellant was entitled to have the indictment returned against him tried on the pleas he made."

In stark contrast with the situation in the *Morris* case, in the present case Judge McCullough heard a full presentation of evidence on both sides upon both the merits of the case generally and the issue of insanity specifically. His verdict was clear that the appellant "was guilty of the crime of rape,

but was insane at the time of the commission of the crime." Under the circumstances, we do not find *Morris* to be controlling.

*Appeal dismissed; costs to be paid by appellant.*